PRODUCTION CREDIT ASSOCIATION, Respondent, v. GOEDE, Appellant: WISCONSIN VALLEY TRUST COMPANY, Defendant.

*No. 80. Argued March 1, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 830.)

For the appellant there were briefs by *Trembath, Griffin & Stevens* of Wausau, and oral argument by *John W. Stevens.*

For the respondent there was a brief by *Kelley, Weber & Bolte* of Wausau, and oral argument by *Richard Bolte.*

HANLEY, J. Two issues are raised on this appeal:

(1) Was the time to serve a responsive pleading in this case tolled by the defendant's motion to strike; and

(2) Should the default judgment be set aside in the interest of justice?

*Statutes involved.*

"263.05 **Pleadings by defendant.** The only pleading on the part of the defendant is either a demurrer or an answer. It must be served within twenty days after the service of the copy of the complaint."

"270.62 **Default judgment.** (1) NATURE OF DEFAULT. A default judgment may be entered as provided in this section if no issue of law or fact has been joined and if the time for joining issue has expired."

"263.43 **Irrelevant, scandalous and indefinite pleadings.** If any pleading contains irrelevant, redundant or scandalous matter it may be struck out, with costs, on motion, and the court may order the attorney who signed the same to pay costs. When a pleading is so indefinite or uncertain that the precise nature of the charge or defense is not apparent the court may on motion order the pleading to be made definite and certain. *The time to serve a required responsive pleading is extended 10 days after the service of notice of entry of an order made upon the motion, unless the order fixes a different time."* (Emphasis supplied.)

*Interpretation of sec. 263.43, Stats.*

When a party has failed to join issue within the twenty-day period required by sec. 263.05, Stats., then potentially grounds for a default judgment exist, and sec. 270.62 provides that a default "may" be entered. Since sec. 270.62 provides that a default judgment *may* be entered, it is clear that the defendant's failure to join issue within twenty days does not automatically entitle the plaintiff, as a matter of right, to a default judgment; rather the question of whether a default judgment should

be granted is a matter for the exercise of the trial court's discretion.

In the case at bar, unlike most appeals from the granting of a default, the issue appears to be whether an error of law was committed rather than whether the trial court abused its discretion.

The issue of an error of law stems from the operation of the final sentence in sec. 263.43, Stats. The defendant argued in the trial court that sec. 263.43 constitutes an exception to the twenty-day requirement in sec. 263.05. He argued that if a party makes (within twenty days) one of two motions allowed by sec. 263.43, then he is excused from joining issue (answering or demurring) within twenty days and is entitled to an extension of time to join issue after his motion has been ruled on. Thus, the defendant's point was that he had not failed to join issue within the time required because the time required, in this circumstance, was extended by the final sentence of sec. 263.43. Defense counsel concluded, therefore, that even as a discretionary matter, a default judgment could not be granted by the trial court because the grounds therefor (failing to join issue within the time required) did not exist.

The trial court ruled that the final sentence in sec. 263.43, Stats., modified only the second sentence in the section—dealing with motions to make more definite and certain. In short, the court found that the defendant could have answered within the twenty-day period because the complaint was not indefinite.

The defendant argued to the court that while it may be possible to answer and move to strike simultaneously, it would be very poor pleading practice to do so. A party would be compelled to admit or deny allegations which are not even relevant to the lawsuit.

Professor John E. Conway in his book—*Wisconsin and Federal Civil Procedure,* Wisconsin Continuing Legal Education (Sept. 1966), p. 26–27, sec. 26.23—outlines

the alternative responses which are open to the defendant. Sec. 26.23 mentions demurrer, motion for summary judgment and answer, and then concludes with this sentence:

". . . *Defendant may also seek to clarify the complaint by motion to strike* or to make more definite and certain." (Emphasis supplied.)

Defendant also cites Conway for the proposition that either an answer or a motion within twenty days is a sufficient response to a complaint to preclude the granting of a default judgment. Page 26–4, sec. 26.05 of Conway states in part:

"If any person against whom a claim is asserted fails to *answer or make a motion,* the claimant may, after a prescribed lapse of time and appropriate procedure, obtain a default judgment." (Emphasis supplied.)

The use of the disjunctive "or" in the above quote would imply that either an answer or a motion will prevent a default; and the quote does not specify that a motion to make more definite and certain is the only type of motion which prevents the default.

In addition to citing Conway for what the rule is, the defendant cites a more direct source for what the intent of this court was when it added the final sentence to sec. 263.43, Stats.[1] The *Interpretive Commentary* to sec. 263.43 [2] states:

"The section was last amended by Supreme Court Rule 251 Wis. vi. The last sentence was added at this time. The comment of the Advisory Committee on Pleading, Practice and Procedure on this change was: *'This amendment preserves to the mover his right to plead in case his motion is denied. That seems eminently fair; al-*

---

[1] The final sentence of sec. 263.43, Stats., was adopted by the supreme court, not the legislature, pursuant to the court's rule-making power under sec. 251.18.

[2] 30 Wis. Stats. Annot., *Pleadings,* p. 702.

though his motion might possibly be made to obtain more time in which to serve his response.' " (Emphasis supplied.)

The comment does not distinguish between the two motions provided for in sec. 263.43, Stats. We think that if the committee's intention had been to allow a party extra time to "plead" (answer) only if he made the second motion (more definite and certain) in sec. 263.43, but not if he made the first (to strike), then certainly that distinction would have been expressed either in the wording of the amendment itself or in the committee's comments on the amendment.[3]

Authority for appellant's position is found in the treatises on statutory construction. Black [4] states the well-recognized rule that statutes which govern procedure are generally remedial in nature and should be "liberally construed in furtherance of the object of securing trials upon the merits." The same rule is found in Beal, *Cardinal Rules of Legal Interpretation* (3d ed.), p. 482, sec. 8.

We think that the trial court was in error when it concluded that the last sentence in sec. 263.43, Stats., did not apply to a party who has moved to strike, but applies only to one who has moved to make more definite and certain.

The respondent concedes that it is possible to read the last sentence as applying to either motion, but argues that even if it does so apply, the sentence gives an alternative. That is—either the court says nothing about

[3] The Federal Rules of Civil Procedure contain the same principle that was intended by the adoption of the last sentence in sec. 263.43, Stats. That is, if a party has made either of the two motions here discussed, he should be allowed further time to plead. *See* Federal Rules of Civil Procedure, Rule 12(a) and (f), 28 USCA, pp. 13 and 14.

[4] Black, *Construction and Interpretation of the Laws* (hornbook series, 2d ed.), p. 494, sec. 141.

giving the defendant the extra time to plead (in which case the defendant would clearly be entitled to an extra ten days), or the court may fix a different time pursuant to the final clause which says "[ten days] unless the order fixes a different time." This final clause, respondent contends, allows the court to fix no time at all as one of the possible "different time[s]" the court might select.

We find no merit to respondent's contention. The possibility that the court is empowered to fix *no time at all* is entirely inconsistent with the advisory committee's comment [5] for the meaning and intent of sec. 263.43, Stats., which states:

". . . 'This amendment preserves to the mover his right to plead in case his motion is denied.' . . ."

If a party has a "right to plead" after making either of the motions in sec. 263.43, Stats., then he must be allowed "some time" in which to draft and serve his pleading.

We conclude that the final sentence in sec. 263.43, Stats., allowing a party extra time to plead his answer, was intended to modify and apply to both the first and second sentences in that section. Therefore, upon denial of appellant's motion to strike, the trial court should have allowed time to answer. The cause must be remanded for further proceedings, and the appellant is allowed ten days from the date of remittitur to file an answer.

Because of our position on the first issue raised on appeal, it is not necessary to consider the remaining issue raised on appeal.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with the opinion.

---

[5] *See* footnote 2.