CHEVRON CHEMICAL COMPANY, Plaintiff-Respondent-Cross Appellant-Petitioner,

FIRST BRANDS CORPORATION, Plaintiff,

v.

DELOITTE & TOUCHE LLP, Defendant-Appellant-Cross Respondent.

Supreme Court

*No. 94–2827. Submitted on briefs November 14, 1996.—Decided January 23, 1997.*

(Also reported in 557 N.W.2d 775.)

For the plaintiff-respondent-cross appellant-petitioner there were briefs by *David L. DeBruin* and *Kravit, Gass & Weber, S.C.*, Milwaukee.

For the defendant-appellant-cross respondent there was a brief by *John W. Hein, David J. Edquist* and *von Briesen, Purtell & Roper, S.C.*, Milwaukee and *Genevieve Harris Roche* and *Deloitte & Touche*, New York, NY, of counsel.

¶ 1.    SHIRLEY S. ABRAHAMSON, Chief Justice. This is a review of an unpublished decision of the court of appeals, *Chevron Chemical Co. v. Deloitte & Touche*, No. 94–2827, unpublished op. (Wis. Ct. App. Sept. 19, 1995), reversing a judgment and order of the circuit court for Milwaukee County, Michael P. Sullivan, Judge. The circuit court's judgment and order related to damages to be awarded to Chevron. This court in *Chevron Chemical Co. v. Deloitte & Touche*, 176 Wis. 2d 935, 501 N.W.2d 15 (1993) (hereafter *Chevron I*) had ordered judgment against Deloitte as a sanction for attorney misconduct and had remanded the cause to the circuit court "for a hearing on damages." *Chevron I*, 176 Wis. 2d at 951.

¶ 2.    The circuit court declined to hold an evidentiary hearing and instead determined the damages on the basis of the trial record, with additional briefing and oral argument. The court of appeals reversed the judgment of the circuit court on damages, holding that the circuit court erred in failing to conduct an evidentiary hearing.[1] We hold that under the mandate in *Chevron I*, the circuit court had discretion to determine the nature of the hearing on remand. Accordingly, we reverse the decision of the court of appeals and remand

---

[1] The court of appeals also concluded that the circuit court failed to exercise its discretion to consider awarding attorney fees to Chevron as a further sanction.

the cause to the circuit court for further proceedings not inconsistent with this opinion.

¶ 3.   The procedural history of the case is not in dispute and has been recited extensively elsewhere.[2] The court of appeals referred to the protracted litigation in this case as a modern-day version of *Jarndyce v. Jarndyce*, a reference to Charles Dickens' *Bleak House*.

¶ 4.   To put the issue in context a brief summary of the proceedings follows: Chevron was an unsecured creditor of a distributor of its products for whom Deloitte served as independent auditor. Chevron brought suit against Deloitte seeking damages for negligence in performing the distributor's audit and intentional or negligent misrepresentation for failing to disclose the audit errors to Chevron.

¶ 5.   The lengthy pretrial and trial proceedings were marred by the misconduct of Deloitte's counsel, including discovery abuses, misrepresentation to the court regarding the availability of a witness, repeated violation of a sequestration order, improper argument before the jury and mischaracterization of exhibits. The jury's verdict favored Deloitte. On motions after verdict the circuit court entered judgment notwithstanding the verdict in favor of Chevron on the intentional and negligent misrepresentation claims. The circuit court inserted the figure $1,646,106 on the question of damages arising from the misrepresentation. The court of appeals affirmed the circuit court's post-verdict judgment in Chevron's favor on the negligent misrepresentation claim but concluded that the

---

[2] *Chevron Chemical Co. v. Deloitte & Touche*, No. 94–2827, unpublished   slip op. (Wis. Ct. App. Sept. 19, 1995) at 3–5; *Chevron I*, 176 Wis. 2d at 938–41; *Chevron Chemical Co. v. Deloitte & Touche*, 168 Wis. 2d 323, 327–30, 483 N.W.2d 314 (Ct. App. 1992).

circuit court had erred in inserting the damage figure. *Chevron Chemical Co. v. Deloitte & Touche*, 168 Wis. 2d 323, 483 N.W.2d 314 (Ct. App. 1992).

¶ 6.  The supreme court affirmed the 1992 court of appeals decision. Concluding that Chevron had been prejudiced by Deloitte's misconduct, the court stated: "[I]t is proper to enter judgment as a sanction." *Chevron I*, 176 Wis. 2d at 949. The supreme court remanded the cause to the circuit court to determine damages with the following language which is now in issue:

> We have concluded that the matter of the amount of damages is to be treated as it is in typical default judgment cases. *See generally Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 478 n.5, 326 N.W.2d 727 (1982); *Midwest Developers v. Goma Corp.*, 121 Wis. 2d 632, 651–53, 360 N.W.2d 554 (Ct. App. 1984). Because Deloitte has challenged the amount awarded and because there are genuine issues of fact remaining regarding damages, we remand for a hearing on damages. . . . [T]he cause is remanded for a determination by the circuit court of the amount of damages to be awarded as a judgment against Deloitte.

*Chevron I*, 176 Wis. 2d at 950–51.

¶ 7.  On remand the parties disputed the nature of the hearing the supreme court had mandated. Chevron argued that the supreme court left the form of the hearing to the discretion of the circuit court. Deloitte argued that the case citations and reference to "typical default judgment cases" in *Chevron I* evidenced an unequivocal mandate to the circuit court to conduct an evidentiary hearing with all the characteristics of a bifurcated trial on damages. These remain the positions of the parties on review in this court.

¶ 8. The circuit court on remand agreed with Chevron that the circuit court had discretion to determine the format of the hearing for determining damages. The circuit court concluded that its review of the record, illuminated by the briefs and oral argument of counsel, was appropriate. The circuit court reasoned as follows:

> To do otherwise (have a new trial or some other evidentiary hearing) would, in effect, erase the sanction by rewarding Deloitte & Touche with a new trial for their misconduct. Chevron would have obtained a Pyrrhic victory - nominally declared to be the winner yet forced to spend yet more money on a second trial as well as incurring the almost certain delay that another evidentiary hearing would entail given the conflicting schedules of witnesses, counsel, and the court. A record has been developed and the Supreme Court of this state has ordered judgment granted against Deloitte & Touche, in this judge's opinion, on all the causes of action. Let us examine that record and thrash out the entire damage issue by argument before the court; that is the better way to proceed.

¶ 9. Upon its review of the record and the presentations of counsel, the circuit court formulated extensive findings of fact and conclusions of law relating to damages and awarded damages in the amount of $2,364,043.

¶ 10. The court of appeals reversed the judgment of the circuit court. The court of appeals interpreted the comment in *Chevron I* about treating damages in this case as damages are treated in "typical default judgment cases" and the references in *Chevron I* to *Hedtcke v. Sentry Insurance Company*, 109 Wis. 2d 461, 478 n.5, 326 N.W.2d 727 (1982), and *Midwest Developers v.*

47

*Goma Corp.,* 121 Wis. 2d 632, 651–53, 360 N.W.2d 554 (Ct. App. 1984), as directing a procedure under Wis. Stat. § 806.02(2), the default judgment statute. The court of appeals concluded that *Chevron I* mandated an evidentiary hearing on the question of damages.

¶ 11. The issue before this court is whether the circuit court properly carried out the mandate of the supreme court in *Chevron I.*

¶ 12. Nowhere in the mandate is there a requirement that the circuit court conduct an evidentiary hearing. Nevertheless Deloitte argues that the supreme court's direction that "the matter of the amount of damages is to be treated as it is in typical default judgment cases," *Chevron I,* 176 Wis. 2d at 950, and the supreme court's reliance on *Hedtcke* and *Midwest Developers* direct an evidentiary hearing.

¶ 13. Although *Chevron I* refers to typical default judgment cases, this case is not a typical default judgment case. It involved a month-long trial, a jury verdict, judgment on the merits after verdict and a judgment entered on appellate review as a sanction.

¶ 14. Default judgment cases are governed by Wis. Stat. § 806.02. Sections (1) through (4) of Wis. Stat. § 806.02 apply to default judgments rendered "if no issue of law or fact has been joined." Wis. Stat. § 806.02(1). Subsection 806.02(5) applies to defendants who fail to appear at trial. In the present case, issues of fact and law were joined and the defendant appeared at trial. The present case is not governed by § 806.02.

¶ 15. To determine whether the supreme court intended default judgment procedures to apply by analogy we examine the cases to which *Chevron I* referred. Neither cited case stands for the proposition that an evidentiary hearing is mandatory in every contested default judgment case.

¶ 16.   *Chevron I* referred to *Hedtcke*, 109 Wis. 2d at 478 n.5, which reversed a circuit court's grant of additional time for the filing of a defendant's answer. The *Hedtcke* court offered the following guidance to the trial court in the event that upon remand it would enter a default judgment: "[U]pon entry of a default judgment, the circuit court *may hold a hearing or inquiry* to determine damages." *Id.* (emphasis added). This language in *Hedtcke* to which *Chevron I* referred does not support Deloitte's position that *Chevron I* directed the circuit court to hold an evidentiary hearing.

¶ 17.   In the other opinion referenced in *Chevron I*, *Midwest Developers*, 121 Wis. 2d at 651–53, the court of appeals reviewed a default judgment entered under § 806.02 as a sanction. The court of appeals held that where a default judgment was entered as a sanction and the amount of damages was not contested "[n]o proof was necessary for the trial court to determine the issue of damages." *Midwest Developers*, 121 Wis. 2d at 653. *Midwest Developers* cannot be read to state that an evidentiary hearing is required when damages are contested. The court did not address the issue of contested damages. The *Chevron I* court likely cited *Midwest Developers* to demonstrate that the circuit court had a range of options available to it on remand.

¶ 18.   *Hedtcke* and *Midwest Developers* do not suggest that the *Chevron I* court intended to require an evidentiary hearing on the remand for damages. The language and authorities in *Chevron I* suggest the court's intention to leave to the circuit court's discretion the proper form of the damages hearing. The circuit court properly exercised the discretion granted it by the supreme court's *Chevron I* mandate. We agree with the circuit court that the grant of a new eviden-

tiary hearing on damages would leave Chevron in the position of Pyrrhus, whose victories over the Roman army were achieved at excessive cost. Like Pyrrhus, Chevron would have cause to complain: "One more such victory and I am lost."[3]

¶ 19.  In sum, we agree with the circuit court that the mandate in *Chevron I* left the nature of the hearing on damages to the circuit court's discretion. The circuit court exercised that discretion consistent with the mandate of *Chevron I*. Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court for proceedings not inconsistent with this opinion.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.

[3] *The Concise Columbia Encyclopedia* 721 (3d ed. 1994).