PER CURIAM.
¶ 1 In this decade-old case, Assurance Company of America appeals from a judgment reinstating April 2010 jury verdicts in favor of Fontana Builders, Inc., for breach-of-contract and bad-faith damages. Assurance denied a claim made under a builder's risk insurance policy it issued to Fontana. Fontana cross-appeals from the judgment only with respect to the amount of interest the circuit court allowed under WIS. STAT. § 807.01 (2015-16)[1] for the bad-faith damages. We affirm the judgment as to the appeal but, given the unique facts at play, reverse as to the cross-appeal, as we agree that interest on the bad-faith claim should have been awarded under § 807.01 (2009-10),[2] the version of the statute in effect when the initial judgment on the verdicts was entered.
¶ 2 The facts are well laid out in Fontana Builders, Inc. v. Assurance Co. of Am. , 2016 WI 52, ¶¶ 6-24, 369 Wis. 2d 495, 882 N.W.2d 398. In 2007, Fontana was building a high-end house for presumptive buyers James and Suzy Accola. James owned Fontana, which held title to the house. Fontana had a builder's risk policy through Assurance that carried a $1.495 million limit. Pursuant to a temporary occupancy permit, the Accolas moved themselves and $500,000 worth of their belongings into the still-unfinished house and, as required by their lender, AnchorBank, FSB, purchased a homeowner's insurance policy. That policy, through Chubb Insurance Company, had a $2 million limit. One week later, a fire substantially destroyed the house and its contents. Chubb paid the Accolas $1.5 million.
¶ 3 In 2008, Fontana formally demanded from Assurance $1,391,116.52, the higher of two restoration estimates. Assurance denied coverage. Fontana sued Assurance for breach of contract and bad faith. In 2009, Assurance rejected Fontana's $1,324,000.00 offer of settlement made pursuant to WIS. STAT. § 807.01(4) (2009-10). The circuit court determined on summary judgment that the Assurance policy still was in force and that the Accolas' settlement with Chubb was irrelevant to the interpretation of the Assurance policy.
¶ 4 A bifurcated trial on damages followed. The jury found in favor of Fontana, awarding it $1,391,116.54 on the breach-of-contract claim and $1,218,118.00 on the bad-faith claim. The court ordered interest at twelve percent under WIS. STAT. § 628.46(1) (2009-10) on the breach-of-contract damages and twelve percent under WIS. STAT. § 807.01(4) (2009-10) on the bad-faith damages.
¶ 5 This court reversed and remanded, holding that whether coverage under the Assurance policy existed on the day of the fire was a jury question. AnchorBank was allowed to intervene. At a second trial, the jury ruled in favor of Assurance. Fontana and AnchorBank both appealed, this court affirmed, and both petitioned for review.
¶ 6 The supreme court accepted review and reversed. Fontana Builders , 369 Wis. 2d 495, ¶¶ 5, 36. It held that the homeowner's policy did not "apply" so as to terminate the builder's risk policy, as the two policies insured distinct interests; that it was reasonable for Fontana to expect continued coverage under the builder's risk policy throughout construction and while it owned the property; that the Chubb policy "in no way covered Fontana's interest as a builder and owner"; and that "any payments to the Accolas would speak to their interest insured by Chubb rather than Fontana's interest insured by Assurance," making proration of the loss inappropriate. Id. , ¶¶ 5, 61, 64. The court then remanded the case to the circuit court "for a determination of Fontana and AnchorBank's remaining damages." Id. , ¶ 69.
¶ 7 On remand, the circuit court reinstated the 2010 damage verdicts, explaining its interpretation of the supreme court's remand instructions:
That implies to me there are damages that are established, and we have to determine if there's more. And to me, I read that as a directive that those damages could be interest, costs from litigation and appeal that are statutory and appropriate; but not to determine if there are damages or determine what those damages are. So I think putting that word "remaining" in there is not superfluous. It implies there are damages that were already determined, and there's only one way to determine those. The trial.
¶ 8 Assurance moved for reconsideration. The circuit court rejected Assurance's arguments except in regard to the interest rate applicable to the bad-faith damages. The court concluded that under the amended WIS. STAT. § 807.01(4), revised by 2011 Wis. Act 69, the proper interest rate is prime plus one percent, reasoning that the supreme court's reversal essentially vacated the 2010 judgment and the new judgment was entered after the statute's revision. See Lands' End, Inc. v. City of Dodgeville , 2016 WI 64, ¶¶ 72, 77, 370 Wis. 2d 500, 881 N.W.2d 702.
¶ 9 Assurance appeals. Fontana cross-appeals on the narrow issue of the proper interest rate to apply to the bad-faith damages.
¶ 10 When the supreme court remands a cause "for a determination by the circuit court of the amount of damages to be awarded," the nature of the hearing on damages is left to the circuit court's discretion. Chevron Chem. Co. v. Deloitte & Touche LLP , 207 Wis. 2d 43, 46, 50, 557 N.W.2d 775 (1997). As occurred here, that may take the form of a review of the record, briefing, and oral argument. See id. at 47. Such a mandate does not require an evidentiary hearing. Id. at 48. The jury determined damages years ago. The circuit court did just what it was supposed to do when it reinstated the verdicts.
¶ 11 The court then went about the business of assessing interest, which brings us to the cross-appeal. Fontana essentially argues that the torrent of appellate activity does not change the fact that judgment on the bad-faith jury verdict was entered in July 2010. Assurance responds that, while the circuit court reinstated the 2010 jury verdicts , the judgment at issue was entered in June 2017, and the amended WIS. STAT. § 807.01(4) entitles Fontana only to "interest at an annual rate equal to 1 percent plus the prime rate in effect on January 1 of the year in which the judgment is entered"-here, 4.75 percent.
¶ 12 We agree with Fontana.
Both versions of WIS. STAT. § 807.01(4) impose the same three basic requirements in order for a party who makes an offer of settlement to be entitled to interest on a judgment recovered: (1) an (unaccepted) offer of settlement; (2) recovery of a judgment; and (3) a judgment for greater than or equal to the amount of the offer.
Lands' End , 370 Wis. 2d 500, ¶ 28. All three events occurred in this case before the statute was amended in 2011. As we conclude that Fontana is entitled to interest at twelve percent dating back to the date of the 2010 judgment, we remand for the court to apply twelve percent to the bad-faith damages awarded to Fontana.
¶ 13 In sum, perhaps Chubb overpaid. The supreme court's decision forecloses Assurance from benefitting from this fortuity, however. We therefore decline Assurance's requests to reverse the reinstatement of the jury verdicts, either dismiss the bad-faith claim as a matter of law or remand for another jury trial on bad faith, reverse the award of WIS. STAT. § 628.46 interest on the breach-of-contract damages, and remand for a determination of Fontana's "actual damages." Assurance also spills much unnecessary ink about remanding to parse out AnchorBank's damages vis-à-vis Fontana's. As Judge Koss said, let AnchorBank and Fontana work that out.
¶ 14 We affirm the judgment as to the appeal but reverse as to the cross-appeal. On remand, the circuit court shall apply twelve percent interest to the bad-faith damages pursuant to WIS. STAT. § 807.01(4) (2009-10), the statute in effect when the initial judgment on the verdicts was entered. No costs to either party.
By the Court .-Judgment affirmed in part; reversed in part and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless noted.

Wisconsin Stat. § 807.01(4) (2009-10) provided in relevant part:
If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid.
The current § 807.01(4) provides for interest at an annual rate equal to one percent plus the prime rate.