Kenneth NESS and Susan Ness, Alan Knight, d/b/a Knight Land Surveying, Debra D. Honore and Patrick C. O'Donnell, Plaintiffs-Appellants,

Douglas F. MANN, as receiver for Digital Dial Communications, Inc., Appellant,

v.

DIGITAL DIAL COMMUNICATIONS, INC., Defendant,

U.S. BILLING, INC., and Zero Plus Dialing, Inc., Garnishees-Defendants-Respondents.†

Court of Appeals

*No. 96–3436. Submitted on briefs August 13, 1998.—Decided October 14, 1998.*

(Also reported in 588 N.W.2d 63.)

†Petition to review granted.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *David L. DeBruin* and *Douglas P. Dehler* of *Michael, Best & Friedrich* of Milwaukee, and on behalf of the appellant, the cause was submitted on the same briefs of *Terry E. Johnson* and *Clayton L. Riddle* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

On behalf of the garnishees defendants-respondents, the cause was submitted on the briefs of *Douglas M. Hagerman* and *Kevin A. Babasik* of *Foley & Lardner* of Milwaukee.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J.   This is an appeal from an order granting a renewed motion to vacate a default judgment against two garnishee defendants, U.S. Billing, Inc. and Zero Plus Dialing, Inc. The issue presented in this case is when does an amended garnishment summons and complaint, filed but not served on the defaulting party in accordance with § 801.14(1), STATS., supersede the original complaint? The trial court found that the amended garnishment complaint effectively replaced the original complaint when it was filed. The court further held that once the amended complaint was filed, even though against a party already in default, the twenty-day period for an answer allotted by § 812.11, STATS., began. We reverse, holding that the filing of an amended garnishment complaint that does not require service when it does not present any additional claims for relief against a defaulting party relates back to the time the original complaint is filed.

## FACTS

The entry of a one million dollar, plus attorney's fees and costs, judgment against Digital Dial Communications, Inc. (Digital) brought an end to a class action lawsuit. The court appointed Attorney Douglas F. Mann as the supplementary receiver of Digital. In an attempt to satisfy the judgment, Mann commenced a garnishment action on June 27, 1996. Named as garnishee defendants were U.S. Billing, Inc. (U.S. Billing) and Zero Plus Dialing, Inc. (Zero Plus). Zero Plus, doing business under the name of U.S. Billing, provided telephone billing services to long-distance providers, such as Digital. Zero Plus would submit billing records provided by Digital to local exchange companies, such as Ameritech in Wisconsin, that billed Digital's customers and then Zero Plus would forward the long-distance fees collected, less expenses, to Digital.

In the garnishment action, Zero Plus' registered agent was served on July 1, 1996, and it was served at its Texas office on July 8, 1996; U.S. Billing was served at its office in Texas on July 8, 1996, and its registered agent was served on July 16, 1996. Neither garnishee defendant filed a timely answer. To correct a garnishee's address, Mann filed an amended garnishment complaint on August 26, 1996. Mann, relying on § 801.14(1), STATS., filed this amended garnishment complaint with the court, but did not serve it on the garnishee defendants.

On August 29, 1996, Mann filed a motion for a default judgment seeking to hold both garnishee defendants liable for the entire judgment. The garnishee defendants filed a response to the default judgment motion. In their response, the garnishee defendants agreed that Mann could garnish funds generated within Wisconsin, but argued he could not

garnish funds generated outside of the state. The trial court granted a default judgment against the garnishees on October 11, 1996.

Soon thereafter, U.S. Billing and Zero Plus moved the court to vacate its default judgment and filed a proposed answer. The garnishee defendants argued they failed to answer the original summons and complaint because of an excusable neglect, but the trial court denied their motion to vacate. The garnishee defendants subsequently filed a renewed motion to vacate. In this motion, they contended that the default judgment was void because it was based on the original complaint—a complaint that was superseded by the unserved amended complaint. In granting the motion to vacate, the trial court held that the amended complaint superseded the original complaint; thereby, the time period restarted for the garnishees to file an answer. Mann appeals.

## DISCUSSION

The trial court granted the renewed motion to vacate the default judgment on the basis of § 806.07(1)(d), STATS. The court held that the default judgment was void because it was based on the original garnishment complaint that had subsequently been nullified by the filing of an amended complaint. Mann contends that the "filing of the amended garnishment complaint . . . did not render the default judgment void." We agree.

A trial court's decision to grant a motion to vacate a default judgment is reviewed subject to the erroneous exercise of discretion standard. *See Marotz v. Marotz*, 80 Wis. 2d 477, 483, 259 N.W.2d 524, 528 (1977). This court will not reverse a discretionary decision of the

trial court if the trial court considered the pertinent facts, applied the proper law and reached a reasonable conclusion. *See Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981). Here, the controlling question is one of statutory construction: whether an amended garnishment complaint that is filed but not served pursuant to § 801.14(1), STATS., supersedes the original garnishment complaint, thus allowing the defaulting party additional time to file an answer. Statutory construction presents a question of law which we review de novo. *See Goff v. Seldera*, 202 Wis. 2d 600, 616, 550 N.W.2d 144, 151 (Ct. App. 1996).

Zero Plus' and U.S. Billing's registered agents were served with the original garnishment complaint on July 1 and 16, 1996, respectively. Section 812.11, STATS., allows the garnishee twenty days from the service of a garnishment summons and complaint to file an answer with the clerk of courts. The garnishee defendants failed to file an answer to this complaint. "A default judgment may be rendered . . . if no issue of law or fact has been joined and if the time for joining issue has expired." Section 806.02(1), STATS. On August 29, 1996, Mann moved for a default judgment against the garnishee defendants. In the meantime, he also filed an amended garnishment complaint to correct U.S. Billing's address. The amended garnishment complaint was filed on August 26, 1996. Mann contends that at the time the amended summons and complaint were filed, the garnishee defendants were in default, and the service exception provided in § 801.14(1), STATS., applies. Zero Plus and U.S. Billing assert that the judgment was properly vacated "because it had been based on an ineffectual original complaint that had been superseded when the amended complaint

was filed." These procedural facts present a question of first impression for this court.

Section 801.14(1), STATS., requires that every pleading, every paper related to discovery, every written motion or notice and any other similar papers be served on each party. However, § 801.14(1) does provide for an exception to this rule, stating: "No service need be made on *parties in default* for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them . . . ." (Emphasis added.) Thus, when a party is in default, no service is required for additional pleadings unless these new pleadings create a new cause of action or significantly amend an existing one. *See id.*

As a general rule, an amended complaint supersedes any prior complaints. *See J.F. Ahren Co. v. Wisconsin State Bldg. Comm'n,* 114 Wis. 2d 69, 79, 336 N.W.2d 679, 684 (Ct. App. 1983). Mann asserts that the facts of this case illustrate an exception to this general rule. Relying on *International Controls Corp. v. Vesco,* 556 F.2d 665 (2d Cir. 1977), he argues that "an amended complaint does not nullify an earlier complaint unless and until it is served."

*International Controls* is indeed factually similar to the present case. In that case, the plaintiff failed to personally serve a defendant in default with an amended complaint. *See id.* at 668. The court held that for the purposes of a default judgment the amended complaint does not supersede the original complaint until the amended complaint is *served. See id.* at 669. The court dismissed the argument that the amended complaint took effect after its filing but before its service, reasoning:

Such a holding would also introduce a substantial risk factor into a plaintiff's decision whether to amend his [or her] complaint. A plaintiff considering amendment would have to evaluate the likelihood that the amended pleading could actually be served on the defendant or defendants. If it appeared that such service on even one defendant would be difficult . . . the plaintiff might well have to decide not to file an amended complaint, since failure to serve it would . . . leave the plaintiff, which had once had an effective complaint (the original), without any remaining effective complaint on which it could obtain judgment. It seems plain that the introduction of such a consideration into the decision whether to amend, requiring the plaintiff in effect to gamble on the likelihood of obtaining service, would discourage amendments and thus would be inconsistent with the amendment policy underlying the federal procedural system.

*Id.* An important difference exists between the *International Controls* facts and the present case: in *International Controls*, the complaint was required to be served because it asserted "additional claims for relief." *See id.* at 668. The current facts present a different situation. Here, we have garnishee defendants who were in default for failing to respond to the original complaint within the statutorily mandated twenty days, *see* § 812.11, STATS., and an amended complaint that made a technical change to the pleadings but did not assert "new or additional claims for relief," thereby triggering a service requirement against a defaulting defendant, *see* § 801.14(1), STATS. Thus, we do not find the *International Controls* holding applicable here because service was not required on the defendants in this case.

All parties agree that § 801.14, STATS., exempted Mann from serving the defaulting defendants with the amended garnishment complaint. The dispute in this case is whether the amended complaint, after its filing with the court, renewed the twenty-day response time for the garnishee defendants to file an answer. *See* § 812.11, STATS. This question centers upon when the amended garnishment complaint, not required to be served, became effective or superseded the original garnishment complaint. As previously discussed, Mann contends *International Controls'* analysis suggests an answer: that the amended complaint did not supersede the original because it was not served. Zero Plus and U.S. Billing assert that "[b]ecause it did not require service, the amended complaint became effective when filed." Under this scenario, the defaulting defendant benefits from any amendment to the pleadings—he or she gains an additional twenty days to file an answer.

Adopting Zero Plus and U.S. Billing's argument puts the defaulting defendant in a very fortunate situation—he or she is able to cure the original default with a timely answer to an amended complaint. Allowing a party already in default a "second chance" to get an answer to the court after an amendment to the pleadings creates an absurd situation. *See State v. Moore*, 167 Wis. 2d 491, 496, 481 N.W.2d 633, 635 (1992) ("[T]he court in construing a statute must interpret it in such a way as to avoid an absurd or unreasonable result."). The defaulting party has previously disregarded its opportunity for defending itself or presenting additional issues or claims in the action. But because the plaintiff amended the pleadings, the defaulting defendant is fortuitously allowed to "restart

the clock" for filing a response. However, § 801.14, STATS., only excludes parties in default from the service requirement—they have generated no response to the summons and complaint, thus demonstrating they are not objecting to the claims or issues asserted against them. This section assumes there is no need to serve a party in default because it has not joined the issue. Allowing a defaulting defendant a "second chance" to file an answer is unfair and incongruous with the precept of efficient judicial administration. We hold that an amended pleading that does not present any additional claims for relief against a defaulting party relates back to the time the original complaint was filed; therefore, it does not create another twenty-day response period for an answer.[1] As a result, we reverse the trial court's decision to vacate the default judgment.

*By the Court.*—Order reversed.

---

[1] Zero Plus and U.S. Billing contend that the trial court erred in holding that the proposed September 16, 1996 "answer" did not comply with § 812.11, STATS. They argue that this answer was filed within twenty days of the amended garnishment complaint. In light of our reversal of the trial court's decision to vacate the default judgment entered on November 18, 1996, this argument need not be addressed. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).