Kenneth NESS and Susan Ness, Alan Knight, d/b/a Knight Land Surveying, Debra D. Honore and Patrick C. O'Donnell, Plaintiffs-Appellants,

Douglas F. MANN, as receiver for Digital Dial Communications, Inc., Appellant,

v.

DIGITAL DIAL COMMUNICATIONS, INC., Defendant,

U.S. BILLING, INC., and Zero Plus Dialing, Inc., Garnishees-Defendants-Respondents-Petitioners.

Supreme Court

*No. 96–3436. Oral argument May 27, 1999.—Decided July 7, 1999.*

(Also reported in 596 N.W.2d 365.)

592

For the garnishees-defendants-respondents-petitioners there were briefs by *Thomas L. Shriner, Jr., Douglas M. Hagerman, G. Michael Halfenger* and *Foley & Lardner*, Milwaukee and oral argument by *Thomas L. Shriner, Jr.*

For the plaintiffs-appellants was a brief by *David L. DeBruin, Douglas P. Dehler* and *Michael Best & Friedrich, LLP*, Milwaukee and oral argument by *David L. DeBruin.*

For the appellant there was a brief by *Terry E. Johnson* and *Peterson, Johnson, Murray, S.C.*, Milwaukee and oral argument by *Terry E. Johnson.*

¶ 1. N. PATRICK CROOKS, J. Petitioners, U.S. Billing, Inc. and Zero Plus Dialing, Inc., seek review of a published court of appeals decision, *Ness v. Digital Dial Communications, Inc.*, 222 Wis. 2d 374, 588 N.W.2d 63 (Ct. App. 1998), which reversed a Racine County Circuit Court order. In that order, the circuit court granted a motion to vacate a default judgment against U.S. Billing, Inc. and Zero Plus Dialing, Inc. as garnishee defendants. The court of appeals reversed, holding that according to Wis. Stat.

594

§ 801.14(1) (1995–96),[1] an amended garnishment summons and complaint that was filed but not served on a defaulting party does not create a new twenty-day window for the defaulting party to answer the amended complaint.[2] *See Ness*, 222 Wis. 2d at 376. We affirm the court of appeals. A defaulting party cannot answer an amended complaint, thereby attempting to cure its default, when the party is already in default at the time the amended complaint is filed.[3] This decision is in harmony with our decision in *Holman v. Family Health Plan*, 227 Wis. 2d 478, 481, 596 N.W.2d 358 (1999), which held that the default judgment in that case was a nullity.[4]

## I.

¶ 2. The facts of this case are as follows. The plaintiffs are residents of Wisconsin, and representatives of a certified class that sued the defendant,

---

[1] All subsequent references to the Wisconsin Statutes are to the 1995–96 text unless otherwise noted.

[2] *See* Wis. Stat. § 812.11. According to the 1995–96 Wisconsin Statutes, a defendant also had twenty days to serve an answer to a complaint in an ordinary civil action. *See* Wis. Stat. § 802.06(1). We note, however, that this subsection was amended to allow 45 days for filing. *See* 1997 Wis. Act 187, §§ 16, 22(1).

[3] This holding does not apply to amended complaints that present new or additional claims for relief, which under Wis. Stat. § 801.14(1) must be served on every party, including a party already in default.

[4] In contrast to this case, where the default occurred before the amended complaint was filed, the default judgment in *Holman* was void because the plaintiff there filed the amended complaint before the defendant defaulted, and therefore, the amended complaint superseded the original complaint. *See Holman v. Family Health Plan*, 227 Wis. 2d at 482.

Digital Dial Communications, Inc. (Digital Dial) for "slamming"—the unauthorized changing of consumers' long distance carrier. Plaintiffs obtained a $1 million default judgment against Digital Dial. The circuit court determined that Digital Dial was on the brink of insolvency and appointed a receiver, Douglas Mann for Digital Dial, to recover moneys that other entities owed Digital Dial. The receiver initiated garnishment actions against those who owed money to Digital Dial. U.S. Billing, Inc., (U.S. Billing) and Zero Plus Dialing, Inc., (Zero Plus) were among those entities.

¶ 3. U.S. Billing and Zero Plus are two businesses employed by Digital Dial to collect long distance fees that customers send to their local phone service carrier. The two corporations are related: both corporations are subsidiaries of U.S. Long Distance Corp., and the in-house counsel for both corporations is the same person. On April 19, 1996, the circuit court issued an injunction which required U.S. Billing and Zero Plus to turn over to Mann all of Digital Dial's assets within their possession or under their control.

¶ 4. Because Zero Plus and U.S. Billing were unclear about the court order, Racine County Circuit Court Judge Emily Mueller sent out a clarification, a Supplemental Order Regarding Appointment of a Receiver, describing in greater detail the extent to which Zero Plus and U.S. Billing needed to comply with the court order. On July 1, 1996, the in-house counsel for both corporations sent a letter to the receiver, stating that both entities would comply. However, a dispute remained as to whether moneys collected outside the state of Wisconsin were under the jurisdiction of the court. On July 11, 1996, the in-house counsel for both U.S. Billing and Zero Plus wrote to the receiver and disputed the receiver's claim that non-Wisconsin

funds were subject to garnishment by a Wisconsin court. The in-house counsel for the garnishees held his position that his clients were responsible for a total of $9,449.18, only those moneys collected from Wisconsin consumers.

¶ 5. On June 27, 1996, the receiver filed a garnishment action against these two businesses, the garnishees. Zero Plus was served with the garnishment summons and the complaint through its registered agent in Wisconsin on July 1, 1996, and its in-house counsel was served on July 8, 1996. U.S. Billing is a Texas-based corporation, but rather than sending the summons and complaint to that corporation, Mann mistakenly sent them to a Wisconsin-based corporation also named U.S. Billing, Inc., on July 1, 1996. The Wisconsin-based U.S. Billing, Inc., promptly answered the complaint, disavowing any relationship to the events outlined in the complaint. The receiver, recognizing his error, sent the summons and complaint to the correct U.S. Billing on July 8, 1996, and through a registered agent in Texas, personally served U.S. Billing's in-house counsel on July 16, 1996.

¶ 6. Neither Zero Plus nor the Texas-based U.S Billing answered the complaint. On July 22, 1996, Zero Plus defaulted. On July 29, 1996, the Texas-based U.S. Billing defaulted.

¶ 7. The receiver sent out a letter on August 19, 1996, to Zero Plus and U.S. Billing's in-house counsel, letting counsel know that the court order included all moneys, not just those collected from Wisconsin consumers.

¶ 8. On August 27, 1996, the receiver amended the caption of the complaint, correctly naming "U.S. Billing, a Texas Corporation" as the garnishee rather than the Wisconsin-based corporation that was origi-

nally on the complaint, so that the judgment docket would correctly identify the accurate corporation. The amended complaint also named Zero Plus as a garnishee. This amended complaint was not sent to U.S. Billing, pursuant to Wis. Stat. § 801.14(1).

¶ 9. On August 28, 1996, the receiver moved for a $1 million default judgment against Zero Plus and the Texas-based U.S. Billing. This motion for default judgment was for failure to answer the original garnishment complaint, though the amended complaint's caption was on the notice of motion.

¶ 10. On September 11, 1996, the motion to grant default judgment was heard. The garnishees filed an affidavit stating that the two corporations did not answer the complaint because they did hold certain of Digital Dial's assets. The garnishees did not assert any defense to the plaintiff's garnishment action. They also objected to the plaintiff's attempted garnishment of funds generated outside the state of Wisconsin, questioning both the jurisdiction of the court and the powers of the receiver. The circuit court found these reasons to be inapplicable and granted a default judgment against U.S. Billing and Zero Plus.

¶ 11. On September 16, 1996, U.S. Billing and Zero Plus filed a motion to vacate the default judgment. The garnishees filed a proposed answer to the original complaint, stating that $9,449.18 was the only amount at issue, that amount collected from Wisconsin consumers. The hearing on the motion to vacate was held October 11, 1996. The garnishees argued excusable neglect, but the circuit court disagreed, finding that the proposed answer failed to meet the criteria for a garnishment under Wis. Stat. § 812.11(1), and held that the default judgment would not be vacated.

¶ 12. The garnishees filed a second motion to vacate the default judgment on October 31, 1996, again including a proposed answer. The second motion to vacate the default judgment was heard on November 18, 1996. Though the garnishees raised alternative grounds for vacating the default judgment, the judge vacated the judgment solely on the ground that the original complaint on which the default judgment was based was superseded by the amended complaint filed on August 27, 1996. Because the garnishees had filed their proposed answer within 20 days of the amended complaint, they argued that the answer was timely and they were not in default. This time, the circuit court agreed and vacated the judgment.

¶ 13. The court of appeals reversed the circuit court's decision. *Ness*, 222 Wis. 2d at 376. It held that Wis. Stat. § 801.14 provides an exception to the service requirement. *Id.* at 380. The statute says, in part, "No service need be made on parties in default for failure to appear. . . ." Wis. Stat. § 801.14(1). The court of appeals stated that "an amended pleading that does not present any additional claims for relief against a defaulting party relates back to the time the original complaint was filed; therefore, it does not create another twenty-day response period for an answer." *Id.* at 383.

¶ 14. This court granted the garnishees' petition for review on January 12, 1999.

## II.

¶ 15. Circuit courts have discretion in deciding whether to grant a motion to vacate a default judgment. *Marotz v. Marotz*, 80 Wis. 2d 477, 483, 259 N.W.2d 524 (1977). A circuit court's discretionary deci-

sion is reviewed under an erroneous exercise of discretion standard. *See id.*[5] A reviewing court will uphold a discretionary decision if the circuit court considered the relevant facts, properly interpreted and applied the law, and reached a reasonable determination. *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981). The issue presented in this case is one of statutory construction, a question of law which we review *de novo. J.L. Phillips & Assocs., Inc. v. E&H Plastic Corp.*, 217 Wis. 2d 348, 354, 577 N.W.2d 13 (1998).

¶ 16. We conclude that a defaulting party cannot answer an amended complaint, thereby attempting to cure its default, when the party is already in default at the time the amended complaint is filed.[6] Our decision recognizes an exception to the basic rule that an amended complaint supersedes an original complaint.

---

[5] This court, in *City of Brookfield v. Milwaukee Metropolitan Sewerage District*, 171 Wis. 2d 400, 423, 491 N.W.2d 484 (1992), changed the abuse of discretion standard to an erroneous exercise of discretion standard. The two standards are to be treated as the same. *See id.*

[6] The court of appeals expressed its holding by stating that "the filing of an amended garnishment complaint that does not require service when it does not present any additional claims for relief against a defaulting party relates back to the time the original complaint is filed." *Ness v. Digital Dial Communications, Inc.*, 222 Wis. 2d 374, 376, 588 N.W.2d 63 (Ct. App. 1998). While we decline to use the phrase "relates back" in our holding, we interpret this phrase to mean simply that the twenty-day window for a garnishee defendant to answer starts on the day the original complaint is filed. This phrase does not suggest that the court of appeals based its reasoning on Wis. Stat. § 802.09(3), the "relation back doctrine," which refers to statutes of limitation.

*See J.F. Ahern Co. v. Building Comm'n,* 114 Wis. 2d 69, 79, 336 N.W.2d 679 (Ct. App. 1983).

¶ 17. This exception is premised first on a plain reading of Wis. Stat. § 801.14. In particular, § 801.14(1)[7] requires most documents related to a case, unless otherwise ordered by the court or specified in this section, to be served on every party. Moreover, § 801.14(4) states that any document that must be served must also be filed with the circuit court, thereby certifying that all parties required to be served have been timely served with the document. Yet, § 801.14(1) expressly permits a plaintiff to forego service of pleadings on parties already in default, unless the pleading asserts some new or additional claim for relief. Because no service need be made on defaulting parties, *see* § 801.14(1), an amended complaint does not supersede the original complaint with regard to any party in default at the time the amended complaint is filed.

¶ 18. Our analysis centers on the role service plays in the course of an action. A civil action seeking a personal judgment is commenced upon the filing of a summons and a complaint with the circuit court; additionally, a defendant must be served with an

---

[7] Wis. Stat. § 801.14(1) provides:

Every order required by its terms to be served, every pleading unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, undertaking, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in s. 801.11.

authenticated copy of the summons and complaint within 60 days of the filing. Wis. Stat. § 801.02(1);[8] *Schlumpf v. Yellick*, 94 Wis. 2d 504, 507, 288 N.W.2d 834 (1980). As such, both filing and service are necessary to properly commence an action. Wisconsin Stat. § 801.14(1) similarly demands that an amended complaint be both filed and served on all parties—except a defaulting party. The purpose of service of summons or process is to provide adequate notice to a party of the commencement of an action against it, fulfilling a party's right to constitutional due process of law, as well as to confer personal jurisdiction on the court over the person served. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982);[9] *Bell v. Employers Mut. Cas. Co.*, 198 Wis. 2d 347, 362, 541 N.W.2d 824 (Ct. App. 1995); 2 Callaghan's Wisconsin Pleading and Practice § 14.01 (1996).

¶ 19. A party in default for failing to answer forfeits its due process right to notice of further pleadings. *See Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 610 (7th Cir. 1980). Since a defaulting party has through inaction lost its right to notice of further pleadings, a plaintiff, according to Wis. Stat. § 801.14(1), is not required to serve the defaulting party with an amended complaint. Similarly, a defaulting party loses the right to answer the amended complaint and revive its defense. Essentially, in those circumstances, the defaulting party halts the action at

[8] We note that this subsection was amended to allow 90 days for filing. *See* 1997 Wis. Act 187, §§ 7, 22(1).

[9] This court may examine analogous federal rules and case law to guide its interpretation of the Wisconsin Rules of Civil Procedure. *See Schauer v. DeNeveu Homeowner's Ass'n*, 194 Wis. 2d 62, 73, 533 N.W.2d 470 (1995).

the point in time of the original complaint. The amended complaint therefore supersedes the original as to any other party except the defaulting party. Because the amended complaint does not supersede the original complaint with regard to the defaulting party, the defaulting party does not receive a new window in which to file an answer to the amended complaint.

¶ 20. The petitioners propose a bright-line rule that whenever a plaintiff files an amended complaint, regardless of the defendant's timing, the defendant receives a new time period to answer. Pet. Brief at 45–53. The petitioners claim that other states have adopted their proposed approach. *See Reichert v. TRW, Inc.*, 611 A.2d 1191 (Pa. 1992); *Grieco v. Perry*, 697 A.2d 1108 (R.I. 1997); *Caprock Constr. Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203 (Tex. Ct. App. 1997); *Harris v. Shoults*, 877 S.W.2d 854 (Tex. Ct. App. 1994). However, we do not find the reasoning of the other states' courts persuasive under the circumstances presented here.

¶ 21. Petitioners first cite *Reichert*, in which the Pennsylvania Supreme Court held that by not first serving the amended complaint, the plaintiffs could not obtain default judgment against the defendant. *See Reichert*, 611 A.2d at 1193–94. However, in that case, the amended complaint made substantially new claims for relief, and as such, the Pennsylvania Supreme Court required the plaintiff to serve the defendant with an amended complaint prior to taking default judgment. *See id.* at 1193.

¶ 22. Wisconsin Stat. § 801.14(1) also requires a plaintiff to serve even a defaulting defendant with an amended complaint when the amended complaint contains "new or additional claims for relief." However,

that provision does not apply to this case because the amended complaint did not present new or additional claims. Here, the amended complaint was merely a technical change.[10] *See Hoesley v. La Crosse VFW Chapter*, 46 Wis. 2d 501, 502, 175 N.W.2d 214 (1970). *Reichert* does not persuade us to adopt the petitioner's bright-line rule since *Reichert* specifically relates to a claim which under § 801.14(1) would also require service.

¶ 23. The two Texas cases petitioners cite, *Harris* and *Caprock*, never explicitly addressed the issue of whether an amended complaint can provide a new time period within which to answer for a party that is in default when the amended complaint is filed. Instead, both cases focused on the relationship between a defendant's failure to answer an amended complaint, which had never been served on the defendant, and what the defendant has admitted in regard to the complaint upon which the default judgment is based. *See Caprock*, 950 S.W.2d at 205; *Harris*, 877 S.W.2d at 855. Neither case specifies whether the parties were in default at the time the amended complaints were filed. As such, those cases are not persuasive under the circumstances presented here. These two cases do, however, support the decision of this court in *Holman*. *See Holman*, at 480.

¶ 24. Finally, we do not find *Grieco* persuasive. In *Grieco*, the plaintiffs filed a second amended complaint, but did not serve one of the defendants with it.

---

[10] As we stated earlier, Zero Plus and U.S. Billing are subsidiaries of U.S. Long Distance Corp. and have the same in-house counsel. At the outset, Zero Plus was served correctly. Because of the relationship between Zero Plus and U.S. Billing, as far as these parties are concerned, the amended complaint is to be viewed as a technical change.

*Grieco*, 697 A.2d at 1108. The second amended complaint made only a minor name change. *Id.* The court held the second amended complaint superseded the first, and the defendant was not in default. *Id.* at 1109. It is difficult to draw any parallel between *Grieco* and this case, however, because *Grieco* does not state whether the defendant was in default when the second amended complaint was filed. Therefore, nothing in *Grieco* persuades us that it is analogous to the fact situation here.

¶ 25. The exception recognized today is also premised on fundamental underlying principles of civil procedure. Petitioners have requested this court to create a rule whereby a defaulting party could cure its default by answering an amended complaint within a certain period of its filing. We agree with the court of appeals that such a rule would mean that "[t]he defaulting party [who] has previously disregarded its opportunity for defending itself or presenting additional issues or claims in the action. . .is fortuitously allowed to 'restart the clock' for filing a response." *Ness*, 222 Wis. 2d at 382–83. The rule proposed by the petitioners runs contrary to our long-standing preference, as reflected by Wis. Stat. § 801.14, for parties who have met their burden and are in good standing, over those who have failed to meet their burden and are in default. By adopting the petitioner's rule, we would, in fact, punish the party in good standing by being lenient with the defaulting party.

¶ 26. Moreover, Wis. Stat. § 802.09(1) creates a liberal amendment policy for plaintiffs: a party has the right to amend within six months, and after that period "leave [to amend] shall be freely given at any stage of the action when justice so requires." The petitioner's proposed rule would also hinder a plaintiff's ability to

liberally amend because by amending the plaintiff would give the defendant a way to cure its default. This undoubtedly would pose a serious conflict for a plaintiff who would be torn between taking a default judgment and correcting the pleadings through amendment. Finally, the petitioners' proposal most certainly would result in inefficient judicial administration. *See, e.g., Reichert,* 611 A.2d at 1194. For these reasons, we also decline to adopt the petitioners' proposed rule.

¶ 27. At the court of appeals, "[a]ll parties agree[d] that § 801.14, Stats., exempted Mann from serving the defaulting defendants with the amended garnishment complaint." *Ness,* 222 Wis. 2d at 382. To reiterate, the defendants were in default when the plaintiffs filed the amended complaint since they had not answered the original complaint within twenty days. Once the defendants defaulted, they lost their ability to answer the amended complaint because the amended complaint did not assert new or additional claims for relief. *See* Wis. Stat. § 801.14(1).

¶ 28. Our holding is consistent with our decision in *Holman,* in which we stated that the default judgment in that case was a nullity. *Holman,* at 480–81. In *Holman* we acknowledged that an amended complaint supersedes an original complaint when the plaintiff files the amended complaint in the circuit court before the defendant defaults. *Id.* at 484. To summarize *Holman*'s facts: the plaintiffs filed a complaint in the circuit court and served the complaint on both defendants. *Id.* at 481. Six days later, the plaintiffs filed an amended complaint, but this time they failed to serve the amended complaint on one of the defendants, Family Health Plan. *Id.* When Family Health Plan did not answer the original complaint within the statutory

period, the plaintiffs moved for default judgment. *Id.* The circuit court entered default judgment against Family Health Plan, who then moved for relief from the default judgment. *Id.* at 482. At that point, Family Health Plan also filed an answer to the original complaint; however, the circuit court denied relief. *Id.* at 482. The court of appeals affirmed the circuit court's judgment. *Id.*

¶ 29. This court reversed the court of appeals' decision, noting that an amended complaint supersedes an original complaint at the time of filing, under the circumstances of that case. *Id.* at 484. Since the amended complaint was filed before the first statutory period to answer ended, even though Family Health Plan was not served with the amended complaint, a new period to answer began the day the amended complaint was filed. *See id.* at 487.

¶ 30. The facts in *Ness* present the converse of *Holman*: in *Ness* the amended complaint was filed after the garnishee defendants defaulted, while in *Holman* the amended complaint was filed before the defendants defaulted. The timing of the default is the key to these two cases. When a defendant defaults before an amended complaint is filed, the defendant loses the right to cure its default by answering the amended complaint. When an amended complaint is filed before a defendant defaults on the original complaint, the defendant receives an extension on its time to answer.

### III.

█

¶ 31. We hold that a defaulting party cannot answer an amended complaint, thereby attempting to cure its default, when the party is already in default at the time the amended complaint is filed, unless the

607

amended complaint relates to a new or additional claim for relief. Accordingly, we affirm the decision of the court of appeals.

¶ 32. *By the Court.*—The decision of the court of appeals is affirmed.

¶ 33. DONALD W. STEINMETZ, J. did not participate.