COURT OF APPEALS
DECISION
DATED AND FILED

December 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1676**

Cir. Ct. No. **2019CV1448**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

RYAN SEY,

PLAINTIFF-APPELLANT,

REGENT INSURANCE COMPANY,

INVOLUNTARY-PLAINTIFF-RESPONDENT,

V.

NATIONAL GENERAL INSURANCE COMPANY,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Ryan Sey appeals the circuit court's order approving a settlement agreement pursuant to WIS. STAT. § 102.29 (2019-20),[1] a statute that addresses third-party liability in the worker's compensation context.  The settlement agreement disposed of Sey's claims arising out of a motor vehicle accident.  Sey contends that the circuit court erroneously exercised its discretion in approving the settlement.  We disagree and affirm.

## *Background*

¶2    In May 2016, while in the course of his employment, Sey was involved in a motor vehicle accident with another motorist.  A physician assessed Sey as having a "concussion with brief (less than one hour) loss of consciousness," and Sey received worker's compensation benefits.  In December 2016, the physician determined that Sey's healing period had ended and that Sey had no permanent disability from the accident.

¶3    In May 2019, Sey filed suit against the other motorist and her insurer, National General Insurance Company.  Sey also named his employer's worker's compensation insurer, Regent Insurance Company, as an involuntary plaintiff.  Sey alleged that the other motorist's negligence caused him damages, including past and future medical expenses.[2]

---

[1]  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2]  Sey's lawsuit was consolidated with a lawsuit filed by Regent.

¶4      Regent moved the circuit court for approval of a settlement agreement pursuant to WIS. STAT. § 102.29.  National General joined in the motion.  Under the settlement, Sey would receive approximately $6,760, and Regent would receive approximately $9,800 as reimbursement for worker's compensation benefits paid to Sey or on Sey's behalf.[3]  As support for the proposed settlement, Regent and National General submitted police reports from the accident and portions of Sey's medical records.  Sey, who was proceeding pro se, objected to the settlement.[4]

¶5      The circuit court approved the settlement agreement over Sey's objection.  The court found that there were disputed issues as to fault and causation. As to fault, the court noted that Sey claimed that he had a green light, but the other motorist claimed she had a yellow light.  As to causation, the court noted that Sey had pre-existing injuries and had suffered numerous previous concussions.  The court also found that the settlement appeared to provide Sey with nearly $7,000 in his pocket, which the court determined was reasonable under the circumstances. The court acknowledged that Sey had submitted a letter from a physician stating that he continued to experience dizziness and "cognitive concerns" relating to his head injury from the accident through at least March 2018.  However, the court noted that the physician had not seen Sey recently, and the court determined that the letter did not change its conclusion that the settlement was reasonable.  The court found that there was no indication that Sey had suffered any major injury.  Finally, the court stated that, although not determinative of the value of Sey's case, the fact

---

[3] In addition, Regent's attorneys would receive approximately $6,430.

[4] Sey was represented by counsel for limited purposes earlier in the circuit court proceedings.  Sey also has counsel in this appeal.

that an attorney had not taken the case supported the court's conclusion that the case had a relatively low value.

## *Discussion*

¶6    Sey does not dispute that the circuit court had discretionary authority to approve the proposed settlement pursuant to WIS. STAT. § 102.29. Sey contends, however, that the court erroneously exercised its discretion.

¶7    "A reviewing court will uphold a discretionary decision if the circuit court considered the relevant facts, properly interpreted and applied the law, and reached a reasonable determination." *Ness v. Digital Dial Commc'ns, Inc.*, 227 Wis. 2d 592, 600, 596 N.W.2d 365 (1999). In the specific context of WIS. STAT. § 102.29, the court properly exercises its discretion by "defining the dispute, taking stock of the relative positions of the parties[,] and considering matters that impacted the fairness of the settlement." *See Adams v. Northland Equip. Co.*, 2014 WI 79, ¶83, 356 Wis. 2d 529, 850 N.W.2d 272.[5]

¶8    Sey argues that the circuit court failed to adequately take stock of his position by (1) cutting him off during the hearing on the settlement agreement, (2) failing to adequately consider Sey's unpaid medical bills, and (3) failing to consider the expert medical opinion and medical records that Sey submitted. We are not persuaded.

---

[5] Sey argues that the guidelines set forth by the supreme court in *Adams v. Northland Equipment Co.*, 2014 WI 79, 356 Wis. 2d 529, 850 N.W.2d 272, are insufficient, and that circuit courts need additional guidelines when considering whether to approve settlement agreements pursuant to WIS. STAT. § 102.29. However, we are bound by *Adams*, and for the reasons explained in the body of this opinion, we conclude that the circuit court reasonably exercised its discretion based on the guidelines set forth in *Adams*.

¶9      First, the record shows that the circuit court allowed Sey to make extensive statements setting forth his position during the hearing on the settlement. The court interrupted Sey in two instances to point out that Sey was screaming or making accusations against other parties or attorneys, but in each instance the court allowed Sey to continue making statements regarding his case. Eventually, the court cut Sey off after Sey continued making accusations, but the court explained to Sey that it would continue the hearing to allow Sey additional time to obtain an expert medical report to support his claims.

¶10      Second, Sey did not submit any medical bills for the circuit court to consider. Sey submitted medical *records*, but the records did not establish that Sey had unpaid medical *bills*.

¶11      Third, as noted above, the circuit court considered the expert opinion letter from Sey's physician, and the court determined that the letter did not change the court's view that the settlement was reasonable.[6] Although the court did not expressly reference the medical records that Sey submitted, we are not persuaded that the court failed to consider the records. Moreover, Sey does not point to anything in the records that undermines the circuit court's reasoning.

¶12      Sey next argues that the circuit court failed to adequately consider the fairness of the settlement agreement by (1) ignoring his unpaid medical bills and (2) failing to provide him with sufficient time to present his side of the case. This argument, like Sey's previous argument, is not persuasive. As we have explained, Sey did not submit evidence of unpaid medical bills, and Sey does not now contend that he needed more time to obtain such evidence. Further, as we have noted, the

---

[6] The circuit court read the letter out loud on the record.

5

court continued the hearing on the settlement to allow Sey time to submit an expert opinion.

¶13 Finally, Sey argues that the circuit court erred because, according to Sey, the court considered his pro se status to be "determinative" of the value of his case. We reject this argument. The court's exact words on the topic were as follows: "Although it is not determinative on the question of the value of the case, the fact that no attorney has taken this case lends support to my conclusion that Mr. Sey's case is not worth an enormous amount or that much." Sey acknowledges the "not determinative" qualification in the court's statement, but he nonetheless argues that the court's statement shows that the court failed to consider any factors other than his pro se status in assessing the value of his case. We disagree with Sey's interpretation of the court's statement. The court's overall reasoning demonstrates that the court assessed the potential value of Sey's claims based on a variety of factors, including the disputed issues as to fault and causation and the lack of evidence to show that Sey had unpaid medical bills.

¶14 In sum, for the reasons stated above, we affirm the circuit court's order approving the settlement agreement that disposed of Sey's claims.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

6