COURT OF APPEALS
DECISION
DATED AND FILED

February 3, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP851**

STATE OF WISCONSIN

Cir. Ct. No.  2020CV3189

IN COURT OF APPEALS
DISTRICT I

---

ESTATE OF CLARENCE MURELL JUNIOR, ANGEL SODAMADE AND CLARENCE MURRELL JUNIOR, III,

      PLAINTIFFS-RESPONDENTS,

  V.

MOROCCO INVESTMENTS, LLC, WILL J. SHERARD AND WJ SHERARD REALTY,

      DEFENDANTS-APPELLANTS.

---

      APPEAL from judgments of the circuit court for Milwaukee County: WILLIAM SOSNAY, Judge. *Affirmed*.

      Before White, C.J., Donald, and Geenen, JJ.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Morocco Investments, LLC, Will J. Sherard, and WJ Sherard Realty (collectively "Morocco") contend that the circuit court erroneously exercised its discretion by failing to consider contributory negligence when entering an order for damages against Morocco. Additionally, Morocco contends that the circuit court erroneously exercised its discretion when imposing punitive damages. For the reasons discussed below, we affirm.

## BACKGROUND

¶2 On October 12, 2019, Patricia Colston and Clarence Murrell Jr. died in a fire at an apartment owned and managed by Morocco Investments, LLC. Colston was a tenant of the property and Murrell Jr. was her friend.

¶3 The Estate of Clarence Murrell Jr. and Murrell Jr.'s children, Angel Sodamade and Clarence Murrell Jr. III (collectively "the Estate"), sued Morocco Investments, LLC, and its owner, Will J. Sherard. The initial complaint asserted several claims for relief: negligence, wrongful death, survivorship, and punitive damages. An amended complaint added claims of piercing the corporate veil and fraudulent transfer. A second amended complaint added WJ Sherard Realty, owned by Sherard, as a defendant.

¶4 Due to discovery order violations, the circuit court entered a default order against Morocco on all six claims for relief, including the claim for punitive damages.

¶5 In regards to damages, the parties presented their arguments through written submissions. The circuit court entered a written order awarding $1,350,000 in damages against Morocco, which included: (1) $350,000 for the

wrongful death of Murrell Jr.; (2) $650,000 in conscious pain and suffering; and (3) $350,000 in punitive damages.

¶6      This appeal follows.  Additional relevant facts are referenced below.

## DISCUSSION

¶7      On appeal, Morocco raises two issues: (1) whether the circuit court erroneously exercised its discretion by failing to consider the principle of contributory negligence when entering an order for damages against Morocco;[1] and (2) whether the circuit court erroneously exercised its discretion when imposing punitive damages.  We address each issue in turn.

### I.      Contributory Negligence

¶8      Morocco argues that the circuit court erroneously failed to examine whether Colston and Murrell Jr. were contributorily negligent and requests that the circuit court's judgments for wrongful death and pain and suffering be reversed.

¶9      In support, Morocco asserts that twelve days before the fire, Colston signed a lease which stated that the apartment had working smoke detectors. Thus, Morocco argues that Colston was contributorily negligent for not raising any concerns about the electrical outlet or smoke detectors.  Additionally, Morocco asserts that "the fire itself was very small and took only twenty seconds to be

---

[1] Morocco's reply brief also argues that the circuit court erroneously failed to consider the duty to mitigate damages.  It is well-established that we do not consider an argument raised for the first time in a reply brief and thus do not address this issue. *Bilda v. County of Milwaukee*, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661.

extinguished" and Colston and Murrell Jr. could have vacated the property through one of two exits to escape the fire.

¶10    In response, the Estate contends that Morocco forfeited the right to assert contributory negligence.   We agree.   Contributory negligence is an affirmative defense which is forfeited if not pleaded.  *See* WIS. STAT. § 802.02(3) (2023-24);[2] ***Gustavson v. O'Brien***, 87 Wis. 2d 193, 204, 274 N.W.2d 627 (1979); ***Helmbrecht v. St. Paul Ins. Co.***, 122 Wis. 2d 94, 121, 362 N.W.2d 118 (1985).

¶11    Here, Morocco never pleaded contributory negligence in their responses to the initial complaint or to the first amended complaint.  Accordingly, Morocco forfeited the right to assert the affirmative defense of contributory negligence and the circuit court did not err by failing to consider it.

¶12    Morocco asserts that the second amended complaint was filed on June 21, 2022, and the default order was entered on June 28, 2022, thus, there was no opportunity to raise an affirmative defense.   Morocco, however, does not explain or develop an argument as to why an affirmative defense could not have been raised earlier in its responses to the initial complaint or the first amended complaint.  The second amended complaint did not add any additional claims for relief not already listed in the initial complaint or the first amended complaint.[3]

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

[3] Morocco also suggests that its counsel withdrew between the filing of the second amended complaint filed on June 21, 2022 and the default order entered on June 28, 2022.  This assertion, however, is contradicted by the record.  The record reflects that at the time of the entry of the default order on June 28, 2022, Morocco was represented by counsel.  Subsequently, at a scheduling hearing on July 18, 2022, Morocco's attorney indicated that Morocco wished to obtain a new attorney.  The circuit court requested that Morocco's attorney file a formal motion to withdraw.  No motion to withdraw was filed.  On August 11, 2022, a proposed order granting withdrawal was filed.  The order was signed on August 15, 2022.

Moreover, Morocco ignores that the circuit court orally made a default finding on June 16, 2022 prior to the filing of the second amended complaint. A party in default does not have a right to file an answer to an amended complaint. ***Ness v. Digital Dial Commc'ns, Inc.***, 227 Wis. 2d 592, 602-03, 596 N.W.2d 365 (1999). Thus, we reject Morocco's argument that the circuit court erroneously failed to examine whether Colston and Murrell Jr. were contributorily negligent.

## II.   Imposition of Punitive Damages

¶13   Morocco next argues that the circuit court's entry of punitive damages constituted an erroneous exercise of discretion. We disagree.

¶14   "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." ***Weborg v. Jenny***, 2012 WI 67, ¶41, 341 Wis. 2d 668, 816 N.W.2d 191 (citation omitted). "We will not overturn a punitive damages award if there is any credible evidence in the record to support it." ***Gianoli v. Pfleiderer***, 209 Wis. 2d 509, 527, 563 N.W.2d 562 (Ct. App. 1997).

¶15   A plaintiff may be awarded punitive damages "if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." WIS. STAT. § 895.043(3).

¶16   Here, in support of the damages award, the circuit court found that Sherard had "shown a reckless disregard for the laws, statutes, and ordinances obligating him to provide safe and habitable conditions to his tenants." The court observed that Sherard's properties "have accumulated 3,159 code violations, 319 of which relate to electrical problems such as exposed, improper, or improperly installed wiring, and/or no smoke or fire detector violations." The court stated that

Sherard's "intentional disregard of his tenants' safety culminated in the deaths of [Murrell Jr. and Colston] when an electrical fire started in one of [Sherard's] properties which was kept in a defective and unsafe condition[.]" The court found that Sherard "knew of these issues and continually refused to remediate the violations."

¶17 The circuit court further explained that punitive damages were appropriate because without punitive damages, Sherard "has a financial incentive to remain in violation of the housing code and continue to endanger the safety of his tenants." The court noted that Sherard's intentional disregard of safety continues to put his tenants at risk, and in the year after Murrell Jr.'s and Colston's deaths, Sherard received "45 code violations on other properties for exposed, improper, or improperly installed wiring, and/or no smoke or fire detectors."

¶18 Given the undisputed fact that two people died and the sheer number of code violations before and after the deaths in this case, we are not persuaded that the circuit court improperly awarded punitive damages.[4]

¶19 Morocco asserts that the circuit court's order does not expressly address each of the six factors set forth in ***Kimble v. Land Concepts, Inc.***, 2014 WI 21, 353 Wis. 2d 377, 845 N.W.2d 395, for evaluating whether a punitive damages award is excessive. The six factors are as follows:

---

[4] We note that Morocco does not dispute the accuracy of the number of code violations. Rather, Morocco argues that the circuit court should not have considered the code violations at other properties. Morocco, however, does not provide any legal authority to support that the circuit court's consideration of other similar conduct was erroneous. We do not consider undeveloped and unsupported arguments. ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

1. The grievousness of the acts;

2. The degree of malicious intent;

3. Whether the award bears a reasonable relationship to the award of compensatory damages;

4. The potential damage that might have been caused by the acts;

5. The ratio of the award to civil or criminal penalties that could be imposed for comparable misconduct; and

6. The wealth of the wrongdoer.

*Id.*, ¶47.

¶20　***Kimble***, however, states that a court need not look at every factor, but only "factors which are most relevant to the case[.]" ***Id.*** (citation omitted). Here, at minimum, the circuit court considered the grievousness of the acts. As stated above, the court observed the fact that two individuals died and the number of code violations at Sherard's properties before and after the deaths. Further, the punitive damages award was well within the statutory maximum allowed by law. WIS. STAT. § 893.043(6) (limiting punitive damages to twice the compensatory damages recovered by the plaintiff). Therefore, we conclude that the circuit court properly exercised its discretion, and we affirm the circuit court's award of damages.

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.