REYNOLDS and another, d/b/a Sieker, Reynolds & Peckham, Respondents, v. TAYLOR, Appellant.

*No. 248. Submitted under sec. (Rule) 251.54 June 7, 1973.—Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 305.)

For the appellant the cause was submitted on the briefs of *Edna E. E. Taylor* of Madison, pro se.

For the respondents the cause was submitted on the brief of *Sieker, Reynolds & Peckham,* attorneys, and *Robert L. Reynolds, Jr.,* and *Wayne D. Landsverk* of counsel, all of Madison.

PER CURIAM. The defendant appeals from a default judgment entered against her in this action to recover attorney's fees allegedly due plaintiffs for legal services provided to the defendant pursuant to contract.

Of the several issues raised by the appellant, at least one has merit and requires a reversal. The appellant contends, with appropriate supporting authority, that the trial court could not enter default judgment against her without first having entertained and granted a motion to strike, as untimely, her answer which had been received and placed in the record at the time the default was entered. *See Pett v. Clark* (1856), 5 Wis. 198; *Pritchard v. Huntington* (1863), 16 Wis. 593 (*569); *see also: Maxwell v. Jarvis* (1861), 14 Wis. 549 (*506).

The cases are old, but their authority is undiminished, especially when they are read in light of the history surrounding the adoption, by court rule, of the present default judgment statute, sec. 270.62, Stats. *See* 33 West Stats. Annot., *Interpretive Commentary*, p. 291.

Since a motion to strike the defendant's answer was neither made nor granted by the trial court, it was error to enter the default judgment herein and the judgment must be reversed and the cause remanded.

Upon remand, the court may entertain a motion to strike the answer and if granted, may then entertain a renewed motion for default judgment.

At that point it would be a matter of discretion with the trial court as to whether under all the circumstances, default judgment against the defendant should be entered. *Production Credit Asso. v. Goede* (1971), 50 Wis. 2d 509, 184 N. W. 2d 830; *see also: Willing v. Porter* (1954), 266 Wis. 428, 63 N. W. 2d 729.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.