**42**

Henry P. WILSON, Plaintiff and Counterclaim Defendant,

v.

UNITED STATES of America, Defendant and Counterclaim Plaintiff,

v.

Curtis L. YOUNG and Robert T. Smith, Additional Defendants on Counterclaim.

No. 84 C 5870.

United States District Court,
N.D. Illinois, E.D.

June 25, 1986.

Robert F. Denvir, Winston & Strawn, Chicago, Ill., for plaintiff.

Jeffrey N. Kaplan, U.S. Dept. of Justice, Washington, D.C., Robert L. Kern, Teller, Levit & Silvertrust, Chicago, Ill., for defendant, U.S.

Russell V. Sutton, Sutton & Gunn, Chicago, Ill., for defendant Smith.

James E. Caldwell, Hill, Hubbard & Caldwell, Chicago, Ill., for defendant Young.

## MEMORANDUM OPINION

KOCORAS, District Judge:

Defendant United States moves the court, pursuant to Federal Rule of Civil Procedure 59(e) and/or Rule 60(b), to alter, amend, or vacate the court's order of May 5, 1986 denying defendant's motion to alter or amend, for a new trial, or for a judgment notwithstanding the verdict because it "was not timely filed." For the reasons which follow, the Government's present motion is granted. The defendant's post-trial motion is found to be timely filed and the order of denial of the motion entered May 5, 1986 is vacated.

This case went to trial on December 2, 1985, the jury returned its verdict on December 5, 1985, and the clerk of the court entered judgment on December 9, 1985. Defendant served its motion on plaintiff on December 13, 1985. The court's docket sheet indicates that the motion was filed with the court on December 23, 1985.

Rules 59(b) and 59(e) require that such motions "shall be served not later than 10 days after the entry of the judgment." In this case, defendant served plaintiff on December 13, 1985, well within the ten day period following the entry of judgment on December 9, 1985. Therefore, defendant's motion was timely served and complied with the Federal Rules of Civil Procedure.

Defendant's motion was also timely filed under the Federal Rules of Civil Procedure. To be timely filed, the motion need not be filed within 10 days after the entry of the

judgment. *Sadowski v. Bombardier, Ltd.*, 527 F.2d 1132, 1134 (7th Cir.1975). The court notes, however, that in this case, the motion actually was filed within ten days of judgment. The Seventh Circuit has found that to be timely filed, the motion must be filed before it is served or within a reasonable time thereafter. *Id.* at 1135; Fed.R.Civ.P. 5(d). Guidance as to what is a "reasonable time" may be is provided by local rules. In this case, Rule 6 of the local rules for the Northern District provides: "All papers required to be filed with the court pursuant to Rule 5(d) of the Federal Rules of Civil Procedure which are not filed before the service thereof shall be so filed within one (1) day after service."

Plaintiff argues that because the Government's motion was not filed the day following service, it was untimely and was properly denied. The court finds that the Government's technical violation of local Rule 6 does not warrant denial of the motion as untimely. First, the local rules do not require such a denial as the result of a violation of Rule 6. Indeed, no consequence for a violation is described, but other courts have ordered a party to file papers which have already been served or may consider the papers stricken if the failure to file persists after a court order has issued. 4 C. Wright & A. Miller, Federal Practice and Procedure § 1152 (1969). Ordinarily, a failure to file is corrected by an order to compel filing rather than entry of default or denial of the motion. *Id.*

In this case, there was no need for an order to compel filing because the lapse between the service and filing was brief. Further, the papers were already filed before the motion came before the court to set a briefing schedule. Therefore, the Government was not a party whose failure to file resulted in any delay in the proceedings, nor did it cause the court to compel the filing. Therefore, under these circumstances, denial of the motion as a consequence of violating local Rule 6 is unwarranted and unduly harsh.

Second, the plaintiff does not allege, nor does there appear to be, prejudice to him as a result of the delay between the service and filing. The Government's motion was served on plaintiff soon after entry of judgment; the failure to file the motion with the court the following day did not harm plaintiff in preparing his response to the Government's motion.

Finally, although local Rule 6 requires filing one day after service, the Seventh Circuit has observed that Federal Rule of Civil Procedure 5(d) gives a party a "reasonable time" after service to file papers. *Sadowski v. Bombardier, Ltd.*, 527 F.2d 1132, 1135 (7th Cir.1975). To the extent that a reasonable time is longer than a single day, the federal rule controls. Commentators have observed that because Federal Rule 5(d) permits a "reasonable time" after service to file the papers, a rigorous time requirement such as that created in local Rule 6 is of questionable validity because Federal Rule of Civil Procedure 83 authorizes only local rules "not inconsistent with" the federal rules. 4 C. Wright & A. Miller, Federal Practice and Procedure § 1152 n. 89 (1969). In this case, the Government filed within a reasonable time after service and complied with the federal rules.

For these reasons, the order of May 5, 1986 denying the Government's motion as untimely is vacated. The merits of the motion remain pending before this court. As a result, any time for appeal shall run from the entry of this court's order on the merits of the motion. Fed.R.App.P. 4(a)(4).