SPLIT ROCK HARDWOODS, INC., a Wisconsin Corporation, Plaintiff-Respondent,

v.

LUMBER LIQUIDATORS, INC., a Massachusetts Corporation, Defendant-Appellant.

Supreme Court

*No. 00–1100. Oral argument September 13, 2001.—Decided June 21, 2002.*

2002 WI 66

(Also reported in 646 N.W.2d 19.)

241

242

For the defendant-appellant there was a brief by *Michael S. Kreidler* and *Stich, Angell, Kreidler, Brownson & Ballou, P.A.*, Minneapolis, Minnesota, and oral argument by *Michael S. Kreidler.*

For the plaintiff-respondent there was a brief by *Matthew F. Anich* and *Dallenbach, Anich & Haukaas, S.C.*, Ashland, and oral argument by *Matthew F. Anich.*

¶ 1. DAVID T. PROSSER, J. In Wisconsin, a civil action seeking a personal judgment is commenced when a summons and complaint naming a defendant are filed with the court, provided that service of an authenticated copy of the summons and of the complaint is made upon the defendant within 90 days after filing. Wis. Stat. § 801.02(1) (1999–2000).[1]

¶ 2. After these papers have been served upon the defendant, the defendant has 45 days to serve a written answer upon the plaintiff. Wis. Stat. §§ 801.09(2)(a); 802.06(1). The defendant must also *file* the answer with the court "within a reasonable time after service." Wis. Stat. § 801.14(4).

---

[1] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

¶ 3. This case presents several questions about the interpretation and enforcement of Wis. Stat. § 801.14(4). Among these questions are the following:

(1) What is "a reasonable time after service" for a defendant to file an answer with the court?

(2) May a circuit court strike a defendant's answer if the answer is not filed within a reasonable time after service?

(3) If a circuit court has discretion to strike a defendant's answer when the answer is not filed within a reasonable time after service, may the court strike the answer without finding that either the moving party or the court was prejudiced by the late filing?

(4) If a circuit court has discretion to strike a defendant's answer when the answer is not filed within a reasonable time after service, may the circuit court also enter a default judgment?

¶ 4. This case comes to this court on certification by the court of appeals, pursuant to Wis. Stat. § (Rule) 809.61. It is an appeal from a judgment of the Circuit Court for Bayfield County, Thomas J. Gallagher, Judge. The circuit court struck the defendant's answer to the plaintiff's complaint on grounds that the answer was not timely filed with the court. The court concluded that timely service of the defendant's answer without filing it "within a reasonable time after service" was not sufficient to join issue. Thus, it entered a default judgment for the plaintiff. The defendant appealed. The court of appeals certified variations of the second, third, and fourth questions listed above.

¶ 5. We conclude that a circuit court may not enter a default judgment against a defendant on

247

grounds that the defendant failed to file an answer with the court "within a reasonable time after service" unless the court first determines that the late filing prejudiced either the plaintiff or the court. Because the circuit court in this case neither discussed prejudice nor made any finding of prejudice before entering a default judgment against the defendant, the court erroneously exercised its discretion. As a result, we reverse the judgment and remand the case for further proceedings.

## BACKGROUND AND PROCEDURAL HISTORY

¶ 6. The background facts are taken from the pleadings. Split Rock Hardwoods, Inc. (Split Rock) is a Wisconsin corporation that manufactures and sells hardwood flooring. Lumber Liquidators, Inc. (Lumber Liquidators) is a Massachusetts corporation that purchases and resells hardwood flooring. In its complaint, Split Rock alleged that on September 23, 1999, the parties made an oral agreement that Lumber Liquidators would purchase a quantity of hardwood flooring from Split Rock, at a particular price per square foot, and pay Split Rock for the flooring via wire transfer.

¶ 7. Split Rock delivered the flooring to Lumber Liquidators "F.O.B. at plaintiff's mill" on September 24, 1999, and the shipment arrived at a Lumber Liquidators warehouse in Illinois on September 28. Upon delivery, Split Rock issued an invoice for approximately $31,000. Lumber Liquidators disputed some aspects of the transaction, but it acknowledged that it had received the flooring. It claimed, however, that some of the flooring was water damaged. Split Rock and Lumber Liquidators discussed adjusting the purchase price to account for the water damage, but they came to no agreement and Lumber Liquidators did not transfer funds to pay for the flooring.

¶ 8. On October 12, 1999, Split Rock filed suit in the Bayfield County Circuit Court, alleging breach of contract and false representation. It served its summons and complaint upon Lumber Liquidators on October 27, 1999. Lumber Liquidators was required to answer within 45 days of receiving the complaint, but it asked Split Rock for an extension of time to answer so that it could retain Wisconsin counsel. In a letter dated December 7, 1999, Split Rock agreed to extend the deadline for Lumber Liquidators' answer until December 22, 1999. Lumber Liquidators served Split Rock with its answer on December 21, 1999.[2]

¶ 9. Lumber Liquidators did not, however, simultaneously file its answer with the circuit court. Consequently, on January 31, 2000, the Bayfield County Clerk of Court's office informed Split Rock that no answer had been filed as of that date. On February 2, 2000, Split Rock filed a motion pursuant to Wis. Stat. § 806.02 to strike Lumber Liquidators' answer and enter default judgment. In response, Lumber Liquidators mailed its answer to the court on February 4, 2000, 45 days after

[2] Split Rock asserts that its extension letter granted Lumber Liquidators until December 22, 1999, to *file* its answer, not to *serve* it. It asserts that the extension letter overrides Wis. Stat. § 801.14(4), setting a firm December 22, 1999, deadline for filing. It does not dispute that the December 21, 1999, service was timely but argues that the filing, accomplished after December 22, 1999, was in violation of the extension agreement. We reject this argument. Split Rock had no authority to limit the time for filing, which is required "within a reasonable time *after service*." Wis. Stat. § 801.14(4) (emphasis added). We interpret the extension agreement not as setting a definite time for filing, but as extending the time for service, thereby extending the time for filing.

its December 21, 1999, service of answer on Split Rock. Both parties filed affidavits in support of their respective positions.

¶ 10. The circuit court held a hearing by telephone on February 10, 2000. After considering the parties' arguments, the circuit court granted Split Rock's motion to strike Lumber Liquidators' answer, and it entered default judgment. The court stated:

> The filing was late in this case, there's no question about that, and I'm not going to find that 45 days was a reasonable time after service to file an answer when the general practice is that you do them at the same time. [W]hen you send the answer out to people you also send the original to the Court. The issue then really comes down to whether or not there's been joinder of issue under 806.02. . . . I think at the present time issue is not joined until service and filing of the answer, so I'm going to grant the plaintiff's motion to strike the defendant's answer and enter default judgment.

¶ 11. Lumber Liquidators appealed, and the court of appeals certified the case to this court. On appeal, Lumber Liquidators contends that filing the answer 45 days after service was "within a reasonable time after service," as provided in Wis. Stat. § 801.14(4), and it asserts that the circuit court erroneously exercised its discretion in granting the motion to strike the answer and enter default judgment.

¶ 12. Conversely, Split Rock claims that by failing to file an answer until 45 days after service, Lumber Liquidators failed to file "within a reasonable time after service" and the circuit court properly exercised its discretion in granting the motion to strike the answer and enter default judgment.

250

## ANALYSIS

¶ 13. This case requires an examination of several provisions of the Wisconsin Rules of Civil Procedure. This court adopted revised rules of civil procedure in 1975, effective January 1, 1976. Wisconsin Rules of Civil Procedure, 67 Wis. 2d 585 (1975). The court and the legislature have modified the rules from time to time over the last quarter century, but the 1975 rules remain largely intact.

¶ 14. Some of the Wisconsin rules are patterned after the Federal Rules of Civil Procedure. Charles D. Clausen & David P. Lowe, *The New Wisconsin Rules of Civil Procedure Chapters 801–803*, 59 Marq. L. Rev. 1, 2 (1976). Hence, federal rules decisions are often helpful in interpreting the Wisconsin rules. Nevertheless, there are distinctions between the federal rules and the state rules,[3] and Wisconsin appellate decisions constitute the controlling interpretation of the state rules.

---

[3] Professor Charles Clausen has written:

> It will be apparent to all who study the new rules that . . . the Wisconsin Rules do not represent a complete adoption of the Federal Rules, or even of a patched-up version of the Federal Rules. Although most of the provisions governing pleading, parties, and discovery are derived from the Federal Rules, the provisions on commencement of actions, trials, and to a lesser degree, judgments, are different from . . . the Federal Rules.

Charles D. Clausen & David P. Lowe, *The New Wisconsin Rules of Civil Procedure Chapters 801–803,* 59 Marq. L. Rev. 1, 2 (1976).

## A. A Reasonable Time After Service

██

¶ 15. The first issue is, what is a "reasonable time after service" for a defendant to file an answer with the court? The answer to this question requires an interpretation of Wis. Stat. § 801.14(4)—a court-made rule. In interpreting a court rule, our objective is to discern and give effect to the intent of this court. *State v. Sorenson,* 2000 WI 43, ¶ 15, 234 Wis. 2d 648, 611 N.W.2d 240 (citing *County of Door v. Hayes-Brook,* 153 Wis. 2d 1, 21–22, 449 N.W.2d 601 (1990) (Abrahamson, J., concurring)).

¶ 16. Wisconsin Stat. § 801.14 is entitled "Service and filing of pleadings and other papers." This rule is based upon Rule 5 of the Federal Rules. Clausen & Lowe, *supra,* at 24. The rule emphasizes in subsection (1) that, with few exceptions, a copy of all pleadings, written motions, and other important papers must be served upon all other parties.[4]

¶ 17. The rule then provides in subsection (4) that virtually all papers that are required to be served also "shall be filed with the court within a reasonable time after service."[5] The "papers" covered by this subsection include more than answers.

---

[4] Wisconsin Stat. § 801.14(1) reads in part:

(1) Every order required by its terms to be served, every pleading unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, undertaking, and similar paper shall be served upon each of the parties.

[5] Wisconsin Stat. § 801.14(4) reads:

¶ 18. Under the present rule, filing an answer with the court accomplishes at least two objectives: First, filing certifies to the court that the answer has been served upon the plaintiff and thereby eliminates the need for a separate affidavit of service. Second, filing notifies the court that issue has been joined and the case is ready to proceed.[6]

¶ 19. The present rule is a departure from prior law, which permitted some papers, including answers, to be filed with the court "not later than ten days after the action is noticed for trial." Wis. Stat. § 263.23 (1971). Wisconsin Stat. § 801.14(4) has the effect of narrowing the time period in which to file answers and other papers with the court.

■

¶ 20. Wisconsin Stat. § 801.14(4) differs from rules that delineate a specified number of days within which service or filing must be accomplished. *See, e.g.,* Wis. Stat. § 801.02(1) ("within 90 days after filing"); Wis. Stat. § 801.09(2) ("within 45 days, exclusive of the day of service, after the summons has been served"). Wisconsin Stat. § 801.14(4) uses the phrase "reasonable

---

(4) All papers after the summons required to be served upon a party, except as provided in s. 804.01(6), shall be filed with the court within a reasonable time after service. The filing of any paper required to be served constitutes a certification by the party or attorney effecting the filing that a copy of such paper has been timely served on all parties required to be served, except as the person effecting the filing may otherwise stipulate in writing.

Subsection (4) is based upon Federal Rule of Civil Procedure 5(d).

[6] Lumber Liquidators contends that "Wis. Stat. § 801.14(4) was enacted for no purpose other than to eliminate the prior practice of requiring that affidavits of service be routinely filed with the trial courts." We disagree.

time." A "reasonable time" is not a specified time. It is an imprecise, unspecified time and requires a judicial determination. To determine whether an answer or other paper was filed "within a reasonable time after service," the circuit court must make a finding of fact,[7] subject to the clearly erroneous standard of review.[8]

¶ 21. Wisconsin Stat. § 801.14(4) does not spell out what factors to consider in determining whether a filing has been made "within a reasonable time after service."[9] Nonetheless, the complete text of the rule

---

[7] *See Sadowski v. Bombardier, Ltd.,* 527 F.2d 1132, 1135 (7th Cir. 1975) (concluding that whether defendant filed motion for new trial within a reasonable time is a question of fact).

[8] Wisconsin Stat. § 805.17(2) provides in part: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Last term this court applied the clearly erroneous standard to a circuit court's finding of untimely notice to an insurer. *See Neff v. Pierzina,* 2001 WI 95, ¶ 35, 245 Wis. 2d 285, 629 N.W.2d 177.

[9] The phrase "within a reasonable time" appears in 170 Wisconsin statutes and court rules. *See, e.g.,* Wis. Stat. §§ 59.43(1)(g), 88.90(2), 103.93(1)(b), 452.14(3)(h), 802.05(2), 805.03, 806.07(2), 806.247(2)(a)1, and 810.12. The words "reasonable time" appear together in many other enactments. *See, e.g.,* Wis. Stat. § 802.01(2)(b). Consequently, the meaning of the term "reasonable time" is highly context-dependent.

For instance, in *State ex rel. Cynthia M.S. v. Michael F.C.,* 181 Wis. 2d 618, 511 N.W.2d 868 (1994), this court held that a circuit court did not erroneously exercise its discretion when it ruled that ten years and six months was "a reasonable time" for a mother to move to vacate a paternity judgment under Wis. Stat. § 806.07(2), given the extraordinary circumstances of the case. Interpreting the phrase "within a reasonable time" in § 806.07(2) requires the consideration of various factors, including "[a]ny other reasons justifying relief from the operation of the judgment." Wis. Stat. § 806.07(1)(h). Thus, the

furnishes evidence of why its framers used an indefinite time rather than a specified time in subsection (4).

¶ 22. Subsection (2) of the rule outlines several different methods of making service.[10] Wis. Stat. § 801.14(2). Subsection (4) then declares that the filing of any paper required to be served "constitutes certification by the party or attorney effecting the filing that a copy of such paper has been timely served on all parties required to be served, except as the person effecting the filing may otherwise stipulate in writing." Wis. Stat. § 801.14(4).

█

¶ 23. These two provisions imply that a defendant should not file an answer with the court until the defendant is able to certify that all necessary parties have been timely served, unless the defendant stipulates otherwise. A defendant may have difficulty serving a plaintiff or multiple plaintiffs or an impleaded third party. The rule provides some latitude, in these unusual situations, to assure that filing—which certi-

---

context under the relief statute is different from the context under the filing statute, and the determination that must be made under the relief statute is more complex than the relatively pure time consideration under Wis. Stat. § 801.14(4).

[10] Wisconsin Stat. § 801.14(2) provides in part:

Service upon the attorney or upon a party shall be made by delivering a copy or by mailing it to the last-known address, or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this section means: handing it to the attorney or to the party; transmitting a copy of the paper by facsimile machine to his or her office; or leaving it at his or her office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his or her dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

fies service—is not premature. If service upon a party were always a matter of certainty, there would be little reason not to require simultaneous filing at the time of service.

¶ 24. Once a defendant is able to certify that service has been made, there should be no reason, in ordinary situations, to delay filing the answer with the court. To illustrate, Wis. Stat. § 801.14(2) states in part that: "Service by mail is complete upon mailing" and "[s]ervice by facsimile is complete upon transmission." If a defendant chooses to serve a party by mail or by facsimile, there is no apparent reason why the defendant should not be able to file with the court simultaneously, or shortly after service. By contrast, if a defendant chooses to serve a party by personal delivery, the fact of personal service may require time for verification.

¶ 25. We believe Wis. Stat. § 801.14(4) is intended to encourage prompt filing of papers with the court. This is especially true of answers. Prompt filing is the surest way to inform the court of the status of pending litigation so that the court can effectively manage its docket.

¶ 26. If and when a court is called upon to determine whether an answer has been filed "within a reasonable time after service," the court should focus on the length of time between service and filing that allegedly amounts to unreasonable delay. The court should examine whether there are any factual circumstances that explain the delay, such as a problem with service, a need for verification of service, or the exist-

ence of a judicial stay.[11] If no such factors are present, the court should consider whether the answer was filed within 45 days after service of the complaint—the statutory time limit for answering the complaint. In theory, a defendant could serve an answer upon the plaintiff the very day the complaint was served but not file the answer for another 45 days. Although it would be difficult to find a factual basis justifying the defendant's delay in filing, a court would be hard pressed to impose a sanction upon a defendant who had a legal basis for delay—namely, compliance with the statutory time frame for answering the complaint. Finally, the court should consider whether the time period between service and filing is too insignificant to warrant any sanction. As a policy matter, the court should discourage technical objections in circumstances in which no sanction of any kind is warranted.

¶ 27. We acknowledge that the "too-insignificant-to-warrant-sanction" factor may appear inconsistent with a judicial finding of fact. Our goal is to develop an objective standard for the prompt filing of papers.

¶ 28. Consistent with this goal, the determination whether the time period between service and filing was "reasonable" should exclude unrelated issues such as whether a party suffered prejudice because of the delay. Filing a timely served answer three months after service is not "reasonable" simply because the late filing did not prejudice the plaintiff or the court. Conversely, filing a timely served answer three days after service does not become "unreasonable" simply because the non-simultaneous filing caused some prejudice to the

---

[11] *See Riggs Marine Serv., Inc. v. McCann,* 160 Wis. 2d 846, 467 N.W.2d 155 (Ct. App. 1991).

plaintiff. Injecting extraneous factors like prejudice into the determination whether a specific time period is "a reasonable time after service" undermines an objective standard for prompt filing.

¶ 29. The Wisconsin rules expect that answers will be timely served and promptly filed. Courts ought to have authority to impose a serious sanction for failure to timely "serve," and an appropriate sanction, however modest, for failure to file "within a reasonable time after service."

¶ 30. This analysis is consistent with the practice in the federal courts. Rule 5(d) of the Federal Rules of Civil Procedure is the model for Wis. Stat. § 801.14(4). It reads in part: "(d) Filing; Certificate of Service. All papers after the complaint required to be served upon a party, together with a certificate of service, *must be filed with the court within a reasonable time after service. . . .*" Fed. R. Civ. P. 5(d) (emphasis added).

¶ 31. Professors Wright and Miller observe that federal courts "have liberally construed the words 'reasonable time' in order to minimize the incidence of technical objections that a paper, although served in ample time, was not filed . . . at the proper time." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1152 (3d ed. 1997).[12] They note that "failure to file generally is corrected by an order to compel filing." *Id.* Addressing motions for

[12] In support of this proposition, Professors Wright and Miller cite cases in which filings after various numbers of days are deemed to be within a reasonable time. These cases include: *Claybrook Drilling Co. v. Divanco, Inc.,* 336 F.2d 697 (10th Cir. 1964) (4 days); *Strasser v. Fascination Candy Co.,* 7 F.R.D. 267 (N.D. Ill. 1945) (4 days); *Sadowski v. Bombardier, Ltd.,* 527 F.2d 1132 (7th Cir. 1975) (10 days); and *Keohane v. Swarco, Inc.,* 320

default, the professors conclude that under Rule 5, entry of default for failure to file timely is exceptional. "In general, the rules regard the *serving* of a paper as the critical act that must be done within the specified time. A default cannot be predicated on a failure to file within the time permitted for service." *Id.* (emphasis added).

¶ 32. In deciding a motion for default judgment based upon an alleged violation of Rule 5(d), federal courts usually consider whether the moving party was prejudiced by the delay. *See Biocore Med. Techs., Inc. v. Khosrowshahi,* 181 F.R.D. 660, 668 (D. Kan. 1998); *Wilson v. United States,* 112 F.R.D. 42, 43 (N.D. Ill. 1986).

¶ 33. We agree that prejudice should be considered in determining the sanction, if any, for violation of the prompt filing requirement. As we explain below, prejudice *must* be considered and found before the court weighs default judgment as a sanction for failure to file promptly. As a practical matter, when the plaintiff moves to strike an answer to facilitate a default judgment for an alleged failure to file "within a reasonable time after service," the court may begin with an analysis of prejudice; if it is not present, there is no need to go back to determine the reasonableness of the filing, except as the basis for a lesser sanction.

¶ 34. In this case, Judge Gallagher began his analysis with the question whether Lumber Liquidators had filed "within a reasonable time after service."

F.2d 429 (6th Cir. 1963) (11 days). 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1152 (3d ed. 1997).

He determined that Lumber Liquidators' filing, 45 days after service, was "late." The judge said he was not going to find "that 45 days was a reasonable time after service to file an answer when the general practice is that you do them at the same time." The record shows that Lumber Liquidators knew its answer had to be served by December 22, 1999, and it served its answer by mail on December 21, 1999, in order to meet this deadline. Lumber Liquidators offered no explanation why it did not file the answer until 45 days after it had served Split Rock—44 days after the extended period for serving the answer had expired. Under these circumstances, the circuit court was not clearly erroneous when it determined that filing the answer 45 days after service was not within a reasonable time after service.[13]

B. Judicial Discretion to Strike the Answer

¶ 35. The second issue is whether a circuit court may strike an answer if the answer is not filed within a reasonable time after service.

¶ 36. A circuit court's determination that an answer has not been filed within a reasonable time after service permits the court to impose a sanction on the

---

[13] In *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 668 (D. Kan. 1998), a federal court applying Rule 5 stated:

> Courts have found that documents filed up to six days after service are filed within a "reasonable time" under Rule 5(d). [Defense counsel] however, had not filed notice of these subpoenas by the time of this hearing—almost two months after he mailed notice to plaintiffs. *[Defense counsel's] filings (or lack thereof) stretch far beyond the bounds of reasonableness.*

*Id.* (citation omitted) (emphasis added). The time frame in the present case is similar to the time frame in *Biocore*. It stretched beyond the bounds of reasonableness.

late filer, but the appropriate sanction, if any, is not identified in the rule. In this case, Split Rock moved the court under Wis. Stat. § 806.02(2) to strike Lumber Liquidators' answer and then enter a default judgment.

■

¶ 37. A party may move for default judgment in a variety of situations under various statutes. When a motion is made under Wis. Stat. § 806.02(1)-(4), the movant must show that no issue of law or fact has been joined. Thus, when an answer has been served late or filed late, a motion to strike the late answer is a prerequisite to a default judgment. *See Reynolds v. Taylor,* 60 Wis. 2d 178, 179, 208 N.W.2d 305 (1973); *Martin v. Griffin,* 117 Wis. 2d 438, 441–42, 344 N.W.2d 206 (Ct. App. 1984); *see also Connor v. Connor,* 2001 WI 49, ¶ 14, 243 Wis. 2d 279, 627 N.W.2d 182.

■

¶ 38. A successful motion to strike an answer will normally lead to a default judgment. Therefore, a motion to strike an answer to facilitate a default judgment should satisfy the same criteria as the motion for default judgment. *Martin,* 117 Wis. 2d at 442. The criteria will vary depending upon the circumstances.[14]

---

[14] To illustrate, a plaintiff may move for default judgment under Wis. Stat. § 806.02(2) for failure to serve an answer within the time specified in Wis. Stat. § 802.06(1). The criteria for this motion will be different from the criteria for a motion for default judgment under Wis. Stat. § 806.02(5), where the defendant has appeared in the action but later failed to appear at trial.

¶ 39. In short, a circuit court may strike an answer if the answer is not filed within a reasonable time after service—but only in those circumstances in which the circuit court, exercising sound discretion, may enter default judgment.

C. Criteria to Consider in Striking an Answer

¶ 40. The third issue concerns the criteria the court should consider in deciding a motion to strike an answer when the answer is not filed within a reasonable time after service. Specifically, must the circuit court find that either the moving party or the court was prejudiced by late filing of the answer before it can grant a motion to strike?

¶ 41. Wisconsin Stat. § 806.02 authorizes the court to enter a default judgment under subsections (1)-(4) "if no issue of law or fact has been joined and if the time for joining issue has expired." Wis. Stat. § 806.02(1). Subsection (1) raises two questions: (1) When is an issue of law or fact joined? and (2) When does the time for joining issue expire?

¶ 42. A court may not enter default judgment *under Wis. Stat. § 806.02(1)-(4)* if the defendant has joined issue.[15] For purposes of this case, we will assume

[15] Failure to join issue is not a prerequisite for a default judgment in other situations. For example, a court may enter default judgment under Wis. Stat. § 806.02(5) against a party who fails to appear at trial. A court may enter default judgment under Wis. Stat. § 804.12(2)(a) against a party for failure to comply with a discovery order. *Midwest Developers v. Goma Corp.*, 121 Wis. 2d 632, 650, 360 N.W.2d 554 (1984). A court may enter default judgment as a sanction under Wis. Stat. § 805.03 for failure of a party to comply with the statute's governing

*without deciding* that the defendant's timely service of the answer did not join issue, in the absence of timely filing.

¶ 43. Making this assumption does not settle the matter. A defendant's failure to join issue does not require a court to enter default judgment. *Shirk v. Bowling, Inc.,* 2001 WI 36, ¶ 9, 242 Wis. 2d 153, 624 N.W.2d 375; *Hansher v. Kaishian,* 79 Wis. 2d 374, 387, 255 N.W.2d 564 (1977). The use of the word "may" (a default judgment "may" be rendered) in Wis. Stat. § 806.02(1) compels the circuit court to exercise sound discretion before entering a default judgment. *Oostburg State Bank v. United Sav. & Loan Ass'n,* 130 Wis. 2d 4, 11, 386 N.W.2d 53 (1986). In any event, the failure to join issue does not necessarily mean that the time for joining issue has expired.

¶ 44. If we assume that issue is not joined solely by timely service of the answer, when does the time for joining issue expire? We conclude that the time for joining issue expires, with respect to *filing* an answer, when: (1) the answer is not filed "within a reasonable time after service"; and (2) the defendant is unsuccessful in moving to enlarge time to file the answer.

¶ 45. If an answer is filed late and the plaintiff moves to strike the late answer, the defendant must take some step, sooner or later, to bring itself into compliance and have its late filing recognized as valid. The most logical step is a motion to enlarge time. If the

procedure. *Chevron Chem. Co. v. Deloitte & Touche LLP,* 207 Wis. 2d 43, 48, 575 N.W.2d 775 (1997).

defendant makes no effort to enlarge time, there continues to be no joinder of issue (as assumed for purposes of this case).

¶ 46. In this case, Lumber Liquidators did not move to enlarge time under Wis. Stat. § 801.15(2) or any other rule. Split Rock contends that Lumber Liquidators should have filed a motion under Wis. Stat. § 801.15(2) to enlarge time, and it reasons that a circuit court should not be expected to decide a motion that was never filed.

¶ 47. This common sense argument would be very persuasive were it not for the language in Wis. Stat. § 801.15(2)(a). The rule reads in part:

> (a) When an act is required to be done at or within a specified time, the court may order the period enlarged but only upon motion for cause shown and upon just terms. . . . If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion.

Wis. Stat. § 801.15(2)(a).

¶ 48. This rule contemplates enlarging a specified time period for an act "required to be done at or within a specified time." We have already determined that a "reasonable time" is not a specified time. It is an unspecified time. Hence, § 801.15(2) does not apply in this situation.

¶ 49. The inapplicability of this rule is quite clear. When a rule requires that an act be done at or within a specified time, it gives clear notice of what is expected. Thus, when a party moves to enlarge a specified time

264

under Wis. Stat. § 801.15(2), it knows that it has the burden to show "cause" before the specified time expires or "excusable neglect" after the specified time expires. If, however, a party were to move to enlarge an "unspecified" time under § 801.15(2), it would not know when its burden shifted from "cause" to "excusable neglect." In effect, all motions would concede lateness and all would be treated as though the filings were late. Hence, if a defendant were required to submit a motion under Wis. Stat. § 801.15(2) to enlarge the time to file a timely served answer, it would trigger an analysis of excusable neglect.

¶ 50. Under the rule, the burden of establishing excusable neglect is on the moving party, not on the party seeking to strike the answer. Wisconsin Stat. § 801.15(2) provides in part that, "If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect." We reinforced this tough language in *Hedtcke v. Sentry Ins. Co.,* saying: "If the motion is made after the expiration of the specified time, an order enlarging the time for performing an act must be based on a finding of excusable neglect; *when the circuit court determines that there is no excusable neglect, the motion must be denied."* *Hedtcke v. Sentry Ins. Co.,* 109 Wis. 2d 461, 468, 326 N.W.2d 727 (1982) (emphasis added).

¶ 51. Consequently, the probable effect of a motion under § 801.15(2)—in any situation in which the defendant failed to file within a reasonable time after service because of inadvertence, carelessness, or inattentiveness—would be a denial of the motion, leading to a default judgment. The rule would dictate a default judgment for a relatively minor infraction even if the late filing did not prejudice the plaintiff or the

court. This result would be completely at odds with the practice under Federal Rule 5.

¶ 52. As noted above, in the federal system, failure to promptly file generally is corrected by an order to compel filing, inasmuch as federal courts view the timely *serving* of a paper, particularly an answer, as far more significant than the *filing* of a paper with the court. "[E]ntry of default is exceptional." Wright & Miller, *supra,* § 1152. A motion for default judgment under Rule 5(d) isn't taken seriously until the moving party shows prejudice. *See Biocore,* 181 F.R.D. at 668; *Wilson v. United States,* 112 F.R.D. 42, 43 (N.D. Ill. 1986).[16]

¶ 53. We believe the federal practice is sound and conclude that a plaintiff should not move to strike an answer that is not filed "within a reasonable time after service" unless the plaintiff is prepared to show prejudice to itself or to the court. Offering less-compelling grounds to strike an answer in this situation is an attempt to secure a judicial sanction that is disproportionate to the defendant's error.

---

[16] In *Wanderer v. Johnston,* the Ninth Circuit set out five factors to consider in determining whether a dismissal or default is appropriate as a Rule 37 sanction for *discovery* violations: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990) (citations omitted). In this formulation, prejudice to the moving party is a key factor to be considered under a procedural rule similar, if not identical, to Rule 5.

¶ 54. This brings us to a discussion of what each party should have done under the circumstances of this case. If a defendant fails to file a timely served answer within a reasonable time after service, the plaintiff may move for a "just" order under Wis. Stat. § 805.03.[17] This rule authorizes the circuit court to issue a full range of orders in response to a party's failure "to comply with the statutes governing procedure in civil actions." Wis. Stat. § 805.03. The plaintiff's motion may seek the immediate filing of the answer or an appropriate sanction, including costs and attorney's fees, or both. The motion may also ask the court to strike the answer and enter a default judgment as a sanction if the plaintiff can show prejudice to itself or to the court.

¶ 55. The appropriate response to a motion to strike an answer on grounds that the answer was not filed within a reasonable time after service is to file the answer and then move to enlarge time under Wis. Stat. § 802.01(2).[18] Moving to enlarge time under § 802.01(2) will give the circuit court flexibility in

---

[17] Wisconsin Stat. § 805.03, Failure to prosecute or comply with procedure statutes, provides in part:

> For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a).

[18] Wisconsin Stat. § 802.01(2) provides in part: "(2) MOTIONS. (a) How made. An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

weighing the facts, the equities, and the policies at issue. This would not be the case under Wis. Stat. § 801.15(2), which imposes upon a movant a heavy burden to avoid the ultimate sanction. In *Connor,* we said that in its exercise of discretion in considering default judgment, the circuit court "must attempt to strike the appropriate balance between the countervailing policy considerations that consistently pull at either end of the default judgment spectrum." *Connor,* 2001 WI 49, ¶ 27 (quoting *J.L. Phillips & Assocs. v. E&H Plastic Corp.,* 217 Wis. 2d 348, 577 N.W.2d 13 (1998)). This would be very difficult if the court's determination pivoted on the presence or absence of excusable neglect.

¶ 56. There are at least two reasons why a defendant should move to enlarge time under Wis. Stat. § 802.01(2) rather than Wis. Stat. § 801.15(2) *in the specific instance of a late-filed answer.* First, as noted above, when the defendant fails to file a timely served answer within a reasonable time after service, the defendant is not in violation of a rule requiring that an act "be done at or within a specified time." As a result, the defendant need not seek to enlarge time under a rule that speaks to compliance with a specified time.

¶ 57. Second, a defendant who fails to file an answer within a reasonable time after service is in violation of a somewhat imprecise rule. We stated in *Sorenson* that, "if a procedural rule is ambiguous, we are likely to construe it liberally so as to encourage a resolution of the controversy on the merits." *Sorenson,* 2000 WI 43, ¶ 15 (citing *DOT v. Peterson,* 226 Wis. 2d 623, 633, 594 N.W.2d 765 (1999) (citations omitted)). We

would not be construing this rule liberally if we forced an erring defendant to seek relief under Wis. Stat. § 801.15(2).

¶ 58. To sum up, a plaintiff may address a defendant's failure to file an answer "within a reasonable time after service" by filing a motion for a "just" order under Wis. Stat. § 805.03. The motion may seek to strike the answer as a sanction when the plaintiff is prepared to establish prejudice to itself or to the court. The court may exercise its discretion to enter an order that is "just," but it may not strike the answer unless and until it finds prejudice to the plaintiff or to the court, examines the merits of any motion to enlarge time, and explains the reasoning for its determination in writing or on the record.

D. Default Judgment

¶ 59. Having determined that a circuit court may strike an answer when the answer is not filed within a reasonable time after service if the court finds prejudice, the next question is, may the court enter a default judgment?

¶ 60. The answer is yes. We can foresee situations in which a defendant's failure to file an answer with the court within a reasonable time after service is unreasonable, unexplained, and prejudicial to the plaintiff or the court. In these situations—after careful consideration of the competing factors, including the defendant's motion to enlarge time—the court may enter a default judgment.

## E. Sound Judicial Discretion

¶ 61. We now apply these principles to the present case. The circuit court entered default judgment against Lumber Liquidators under Wis. Stat. § 806.02.

¶ 62. This default judgment rule does not instruct the circuit court how to exercise its discretion in deciding motions to strike an answer and enter default judgment. A long history of court decisions has attempted to provide guidance. However, the policy considerations at play in interpreting this default rule often conflict, so that the reported decisions appear inconsistent.

¶ 63. Entry of default judgment is not mandatory. Wis. Stat. § 806.02(1). "The use of the word 'may' indicates that the circuit court 'is not required to enter a default judgment.' " *Shirk,* 2001 WI 36, ¶ 15 (quoting *Hansher,* 79 Wis. 2d at 387). Granting or denying a motion for default judgment requires an exercise of sound discretion.

¶ 64. An appellate court will not reverse a circuit court's discretionary decision unless the circuit court erroneously exercised its discretion. *See, e.g., Shirk,* 2001 WI 36, ¶ 9; *Hedtcke,* 109 Wis. 2d at 470. At the same time, we note that default judgment is the ultimate sanction. The law prefers, whenever reasonably possible, to afford litigants a day in court and a trial on the issues. As a corollary to this preference, default judgments are regarded with particular disfavor. *Shirk,* 2001 WI 36, ¶ 9 (citing *Dugenske v. Dugenske,* 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1977)). Consequently, default judgments are bound to attract close scrutiny in appellate review.

270

¶ 65. A circuit court's exercise of discretion "is not the equivalent of unfettered decision-making." *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981). "A discretionary determination, to be sustained, must demonstrably be made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law." *Id.* In *Howard v. Duersten,* the court stated:

> The trial court must undertake a reasonable inquiry and examination of the facts as the basis of its decision. The exercise of discretion must depend on facts that are of record or that are reasonably derived by inference from the record and *the basis for the exercise of discretion should be set forth.*

*Howard v. Duersten* 81 Wis. 2d 301, 305, 260 N.W.2d 274 (1977) (emphasis added). As the *Hartung* court put it, "[A] discretionary determination must be the product of a rational mental process by which *the facts of record and law relied upon are stated and are considered together* for the purpose of achieving a reasoned and reasonable determination." *Hartung,* 102 Wis. 2d at 66 (emphasis added). In reviewing these discretionary determinations, an appellate court should not be expected to read the mind of the trial judge. When the circuit court imposes the ultimate sanction of default judgment in a contested hearing, the court must set forth the basis for its exercise of discretion.

¶ 66. In this case, Split Rock moved to strike the answer and enter default judgment. Lumber Liquidators responded with an attempt to persuade the court that its answer was filed "within a reasonable time after service." This argument was properly rejected. In addition, however, Lumber Liquidators contended, both in

its written submission and in its oral presentation to the circuit court, that even if its answer were not timely filed, default judgment was not an appropriate sanction.

¶ 67. Admittedly, Lumber Liquidators did not move to enlarge time, as it should have, and it made no argument to the court denying prejudice or showing excusable neglect. Nonetheless, it opposed the motion for default judgment as an erroneous exercise of the court's discretion.

¶ 68. The circuit court struck the answer and entered default judgment. The court determined that Lumber Liquidators' filing was late and that issue had not been joined by timely service of the answer. Then it stopped. The court did not examine why the filing was late, or whether there was prejudice to either the moving party or the court. It did not ask if there was "excusable neglect" or whether alternative sanctions would serve the interests of "promoting prompt adjudication and encouraging quality legal representation." *See Connor,* 2001 WI 49, ¶ 16. It did not discuss the qualitative differences between late service of an answer and late filing of the answer,[19] or the preference of giving litigants their day in court. It did not attempt to

---

[19] A violation of the prompt filing requirement of Wis. Stat. § 801.14(4) is qualitatively different from a violation of the time-specified service requirement of Wis. Stat. § 802.06(1). The failure to file a timely served answer is usually a technical violation, capable of immediate redress. As in this case, the plaintiff has been told the defendant's position, is able to move forward with discovery, and may not even be aware of the defendant's procedural error in failing to file with the court. By contrast, when the defendant fails to serve the plaintiff in violation of a specific deadline, the violation is not technical. The defendant may have failed altogether to prepare a written answer to the complaint and certainly has not given the answer to the plaintiff. As a result, the defendant has not formally

272

justify the harsh result of default judgment on any basis except that issue had not been joined. As noted above, failure to join issue does not automatically entitle a party to default judgment. *Hansher,* 79 Wis. 2d at 387.

¶ 69. We reluctantly conclude that the circuit court did not set forth the basis for its exercise of discretion. It did not state the law it relied upon or articulate any analysis of prejudice or the policy factors supporting the issuance of the ultimate sanction. It erroneously exercised its discretion. As a result, the default judgment cannot stand. We vacate the order to strike the defendant's answer, vacate the default judgment, and remand the case to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—The judgment of the circuit court is reversed and the cause is remanded.

¶ 70. JON P. WILCOX, J. *(dissenting).* The majority acts "reluctantly" because, even though it recognizes that the circuit court correctly held that Lumber Liquidators did not file its answer within a reasonable time, and it recognizes that the circuit court has the discretion to grant default judgment, the majority still manages to come to the conclusion that the circuit court reached the wrong result. While I agree that the remedy of default judgment is generally disfavored, it is a remedy that, according to the plain language of the statutes, still falls squarely within the discretion of the circuit court. In this case, I cannot find that the circuit court erroneously exercised its discretion, and for that reason I dissent.

¶ 71. When interpreting a statute, we first look to its plain language. *Landis v. Physicians Ins. Co.,* 2001

---

advised the plaintiff of its position in the case, and has not framed the issues for resolution at trial.

273

WI 86, ¶ 14, 245 Wis. 2d 1, 628 N.W.2d 893. If the language of the statute is clear and unambiguous, we do not look beyond the statutory language to ascertain its meaning. *Id.*

¶ 72. Wisconsin Stat. § 801.14 (1999–2000)[1] is clear in its requirements. Subsection (1) requires that "Every . . . pleading . . . shall be served upon each of the parties." Subsection (4) adds that:

> All papers after the summons required to be served upon a party . . . shall be filed with the court within a reasonable time after service. The filing of any paper required to be served constitutes a certification by the party or attorney effecting the filing that a copy of such paper has been timely served on all parties required to be served, except as the person effecting the filing may otherwise stipulate in writing.

¶ 73. These statutory subsections, read together, make it apparent that two steps are required for the effective service of a pleading: (1) the pleading must be served on every party; and (2) the document must then be filed with the circuit court within a reasonable time, thereby certifying that all parties required to be served have been timely served with the document. *Ness v. Digital Dial Communications,* 227 Wis. 2d 592, 601, 596 N.W.2d 365 (1999). These steps are mandatory, as indicated by the use of the word "shall" in each subsection. *Cmty. Credit Plan, Inc. v. Johnson,* 228 Wis. 2d 30, 41, 596 N.W.2d 799 (1999). The language of the statute is unambiguous in these respects.

¶ 74. In this case, the parties do not dispute that the answer was *served* on Split Rock in a timely manner. Thus, the only questions that remain pertain

---

[1] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

to the *filing* of the answer and the remedy for failure to file the answer in a timely manner. Specifically, this court must decide (1) whether the filing was made in a reasonable time, (2) whether the circuit court had the discretion to strike the answer and grant default judgment, and (3) if so, whether the circuit court erroneously exercised that discretion.

¶ 75. The majority correctly decides that the circuit court did not erroneously exercise its discretion when it found that the defendant failed to file its answer within a reasonable time. Majority op. at ¶ 34. Having already received a courtesy extension from Split Rock, Lumber Liquidators was well aware that its answer had to be served by December 22, 1999. Lumber Liquidators actually served the answer a day earlier. Lumber Liquidators should have been equally aware that the answer had to be filed with the court within a reasonable time after the service was made, and yet it failed to do so for 45 days. This was after Split Rock had filed its motion to strike the answer. Additionally, Lumber Liquidators never made a motion to extend time to file under Wis. Stat. § 801.15(2)(a).[2] Under such circumstances, the circuit court did not err when it held that Lumber Liquidators' answer was not filed within a

[2] The majority tries to nullify Wis. Stat. § 801.15(2)(a) by suggesting that the "reasonable time" under Wis. Stat. § 801.14(4) is not a "specified time" under § 801.15(2)(a). Majority op. at ¶¶ 20, 48–49. This adds little to the analysis. If Lumber Liquidators had an excuse to file the pleadings after what would be considered a "reasonable time," it could have easily sought leave from the court to do so—it did not. If there was no excuse for Lumber Liquidators to file late, it then should have filed the pleadings promptly after service, which is both the intent of the statute, and the general practice in litigation.

"reasonable" time.[3] As a consequence, Lumber Liquidators failed to meet the requirements of § 801.14.

¶ 76. Our next questions are whether the circuit court had the discretion to strike the pleading and grant default judgment as a remedy for the failure, and, if the circuit court had such discretion, whether the circuit court erroneously exercised it.

¶ 77. The first question is easily answered. We have long held that the decision of whether or not to enter a default judgment is a matter that is within the sound discretion of the circuit court. *See, e.g., Evelyn C.R. v. Tykila S.,* 2001 WI 110, ¶ 18, 246 Wis. 2d 1, 629 N.W.2d 768; *Oostburg State Bank v. United Sav. & Loan Ass'n,* 130 Wis. 2d 4, 11, 386 N.W.2d 53 (1986); *Hollingsworth v. Am. Fin. Corp.,* 86 Wis. 2d 172, 181, 271 N.W.2d 872 (1978); *Willing v. Porter,* 266 Wis. 428, 430, 63 N.W.2d 729 (1954). We will only reverse a circuit court's grant of default judgment in a situation where the circuit court erroneously exercises that discretion, such as when circuit court applies an incorrect legal standard in deciding whether to enter judgment. *Oostburg,* 130 Wis. 2d 4, 11–12.

¶ 78. The question of erroneous exercise thus turns on the underlying question of whether the circuit court properly struck Labor Liquidators' answer when it was not filed within a reasonable time. I am unable to find any statutory provision that would have forbidden it from doing so. Quite the opposite, in fact, Wis. Stat. § 805.03 states that:

---

[3] I further note that, although I generally agree with the factors that the majority considers in making its determination of reasonableness, majority op. at ¶¶ 26–28, I would emphasize that the factors listed are not all-inclusive, and that the determination of reasonableness must be made on a case-by-case basis.

> For failure . . . of any party to comply with the statutes governing procedure in civil actions . . . the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a).

Among the orders in Wis. Stat. § 804.12(2)(a) is:

> 3. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Taken together, these statutes plainly give the circuit court the discretionary authority to strike a pleading or to grant default judgment if, in the court's discretion, such a remedy is appropriate for a party's violation of the rules of civil procedure. In the present case, Lumber Liquidators violated the rules of civil procedure and the court imposed a sanction it was authorized by statute to impose. Thus, the circuit court did not apply an incorrect legal standard.

¶ 79. The only way the majority is able to find that the circuit court erroneously exercised its discretion here is by grafting a prerequisite finding of prejudice onto the court's discretion. By requiring that the circuit court find that the failure to file within a reasonable time was prejudicial before it may strike the pleading, majority op. at ¶ 58, the court adds a mandatory element that is plainly *not* mandatory under the statute. While I agree that the factors cited by the majority—including prejudice—should influence the circuit court's reasoning in exercising its discretion, there is no statutory requirement for a finding of prejudice.

¶ 80. There are also practical reasons for not requiring a showing of prejudice in a situation such as this. The failure to file a pleading, as opposed to the mere failure to serve a pleading, has a significant impact on the judicial process and on the administration of justice as a whole. That is, the failure to file a pleading within a reasonable time greatly affects the court's ability to manage its own calendar and to conduct efficient proceedings. Thus, the failure to file a pleading within a reasonable time may actually "prejudice the court" more than it prejudices the opposing party, and could have an impact not only on the parties involved, but on parties in other cases currently being heard by the same court. Furthermore, under the majority's reasoning, a pleading that is timely served but not filed with the court until months or even years later would still require the non-dilatory party to go in front of the court and demonstrate prejudice, a situation that strikes me as unreasonable. These practical concerns reinforce my conclusion that the remedy for a failure to file—including a grant of default judgment—belongs with the discretion of the circuit court.

¶ 81. Again, I recognize that default judgment is an extreme remedy, and one that is generally not favored. *Rhodes v. Terry,* 91 Wis. 2d 165, 177, 280 N.W.2d 248 (1979) (citing *Dugenske v. Dugenske,* 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1977)). But despite its disfavored status, default judgment is not a prohibited remedy under the circumstances of this case. The discretion to grant default judgment lies clearly with the circuit court, and the circuit court applied the correct legal standard here. Thus, I am unable to conclude that the circuit court erroneously exercised its discretion in this case. For that reason, I disagree with

the holding of the majority, and I would uphold the judgment of the circuit court.

¶ 82. For the foregoing reasons, I dissent.

¶ 83. I am authorized to state that Justice N. PATRICK CROOKS joins this opinion.