# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 4, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP454**

Cir. Ct. No. 2021SC2813

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

JOSEPH SALAS,

PLAINTIFF-RESPONDENT,

V.

SHELLY NELSON,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Racine County: JON E. FREDRICKSON, Judge. *Affirmed*.

¶1 NEUBAUER, J.[1] Shelly Nelson appeals from a small claims judgment entered in favor of Joseph Salas following a bench trial. Nelson

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

contends that the circuit court erred in not dismissing this action before trial, that the court committed evidentiary errors during the trial, and that Salas brought the action to harass her. Because Nelson has not identified a valid basis to disturb the judgment, this court affirms.

¶2      Salas commenced this action in October 2021 alleging that he took out a loan at Nelson's request and that despite her promise to fully repay him the principal and interest he owed under the loan, she only repaid him $100. The circuit court held a bench trial after which it found that Nelson and her husband had been unjustly enriched by receipt of the loan proceeds and entered judgment against Nelson for the amount of Salas's obligation under the loan agreement less the partial payment, plus recoverable fees.

¶3      Before turning to Nelson's arguments, this court notes that the parties' noncompliance with the Rules of Appellate Procedure has made the court's consideration of this appeal unnecessarily difficult. Nelson's brief lacks citations to the record and her arguments are not supported by citations to legal authority. Her brief also omits a description of "the nature of the case" and "the procedural status of the case leading up to the appeal," all of which are required under our rules. *See* WIS. STAT. RULE 809.19(1)(d), (e).[2] Salas's brief, which he twice failed to file timely, also lacks citations to the record or relevant legal authority.

---

[2] The deficiencies in Nelson's brief are particularly egregious because it is the second brief that Nelson filed in this appeal. We rejected Nelson's first brief because of its lack of record citations and "other infirmities" and urged Nelson to "consult the Rules of Appellate Procedure and Guide to Appellate Procedure for the Self-Represented previously sent from the clerk's office" to ensure compliance with WIS. STAT. RULE 809.19.

¶4 Though Salas and Nelson are proceeding pro se, they are still obliged to follow the rules that govern appeals in Wisconsin. *See Waushara County. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). "The right to self-representation is '[not] a license not to comply with relevant rules of procedural and substantive law.'" *Id.* (quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (alteration in original)). This court is a high-volume court; compliance with the Rules of Appellate Procedure, particularly those rules regarding accurate record citation, is mandatory and essential to the court's ability to timely perform its duties. The parties are cautioned that future violations of our appellate rules may result in sanctions. *See* WIS. STAT. RULE 809.83(2).

¶5 Notwithstanding the deficiencies in the parties' briefs, this court will address their arguments as best it can. But in doing so, this court is not obliged to address undeveloped arguments, develop arguments on a party's behalf, or search the record for supporting evidence. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82; *Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256; *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in [the record].").

¶6 Nelson first contends that the circuit court should have dismissed this case before trial because Salas did not appear at two trial dates and did not submit proof that his reasons for missing them were genuine. Salas admits to these missed appearances, one of which he attributes to illness and the other to a lack of transportation to the courthouse. The applicable small claims statute provides that "[i]f the plaintiff fails to appear on the return date or on the date set for trial, the court may enter a judgment for the defendant dismissing the action, on motion of the defendant or on its own motion." WIS. STAT. § 799.22(1).

The statute contemplates an exercise of discretion by the court if the plaintiff fails to appear: it says that the court "may" dismiss the action, not that it "must" or "shall" do so. *See* *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶36, 271 Wis. 2d 633, 681 N.W.2d 110. Accordingly, Nelson must show that the court erroneously exercised its discretion in not dismissing the case.

¶7 Nelson has not done so. She has not directed this court to anything in the record showing the circuit court's reasons for not dismissing Salas's case after each of the two missed hearings. Nor has she explained why the circuit court's decision not to dismiss the case was an erroneous exercise of discretion. "The law prefers, whenever reasonably possible, to afford litigants a day in court and a trial on the issues." *Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.*, 2002 WI 66, ¶64, 253 Wis. 2d 238, 646 N.W.2d 19. Here, the court acted in accordance with that well-established preference, and Nelson has not carried her burden to show that that course of action was error. *See* *Winters v. Winters*, 2005 WI App 94, ¶18, 281 Wis. 2d 798, 699 N.W.2d 229 ("The burden to demonstrate an erroneous exercise of discretion rests with the appellant.").

¶8 Nelson next argues that the circuit court improperly allowed Salas to present two third-party witnesses who lacked personal knowledge of any relevant events. *See* WIS. STAT. § 906.02. This is not a basis for relief from this court. Wisconsin's law allows for a more informal presentation of evidence in small claims matters and specifically exempts those proceedings from "the common law or statutory rules of evidence." WIS. STAT. § 799.209(2). Instead, the circuit court is to "admit all … evidence having reasonable probative value." *Id.* Here, the circuit court was free to disregard any witness testimony that it did not deem relevant. Nelson has not shown that the court's admission of the third-party witness testimony merits reversal of the judgment.

¶9    Nelson next argues that Salas did not introduce any evidence that she received any money from him. As the appellant, Nelson was responsible for ensuring that any transcripts necessary for the appeal were prepared and included in the record. *See* WIS. STAT. RULE 809.11(4). She did not do so, apparently because she believes the trial transcript contains no testimony relevant to the issues she raises. This is plainly incorrect, however; in order to determine whether Salas introduced the evidence she claims is missing, this court would have to review the transcript. Because Nelson did not ensure that the transcript was included in the record, this court must assume that it supports the circuit court's findings. *See **State v. Payette***, 2008 WI App 106, ¶28 n.11, 313 Wis. 2d 39, 756 N.W.2d 423) ("This court assumes that information absent from the appellate record supports the findings of the trial court.").

¶10    Salas filed what appears to be a complete copy of the trial transcript with this court on September 7, 2022. Though we are not obliged to consider it, we note that it undermines Nelson's argument. At trial, Salas testified that he received the loan proceeds via a check from the loan company and that, some time later, Nelson's husband drove Salas to a liquor store in Kenosha where Salas cashed the check and gave the money to Nelson's husband. Salas also testified that he had loaned Nelson money on other occasions but had not been repaid. A neighbor of Salas and the Nelsons also testified that Nelson had admitted owing Salas "several hundred dollars" that she did not intend to repay. For her part, Nelson acknowledged being in the car when her husband drove Salas to cash the loan check, but testified that she "[didn't] know what transpired between the two of them" and that she "did not receive anything." She testified that Salas took out the loan for himself "[b]ecause he didn't have any money." Nelson also denied telling her neighbor that she owed Salas money.

5

¶11 The circuit court found Salas and the neighbor to be more credible than Nelson and determined that Nelson and her husband acted jointly in driving Salas to the liquor store and "benefited from the money and received the money" Salas obtained through the loan. Though Nelson denied receiving the loan proceeds, there was credible evidence from which the circuit court could find that she had.[3]

¶12 Finally, Nelson contends that because she never received money from Salas, he commenced this action solely for the purpose of harassing her. This argument is also fatally undermined by Nelson's failure to include the trial transcript. Because we must presume that it supports the circuit court's decision, we must conclude that Salas's claim had merit and was not brought solely to harass Nelson. *See Payette*, 313 Wis. 2d 39, ¶28 n.11. But we would reach the same conclusion even if we considered the copy of the transcript filed by Salas. As noted above, the circuit court determined that Nelson and her husband had acted jointly and together received the benefit of the loan proceeds. It also determined that Nelson and her husband knew of and accepted the money under circumstances in which it would be unjust to allow them to retain it without repaying Salas. These are the elements of an unjust enrichment claim, *Ulrich v. Zemke*, 2002 WI App 246, ¶10, 258 Wis. 2d 180, 654 N.W.2d 458, and the circuit court concluded that Salas's claim had merit. Nelson's disagreement with the court's conclusion is not enough to warrant relief.

---

[3] Nelson cites WIS. STAT. § 799.209(2), emphasizing the following language in that provision: "An essential finding of fact may not be based solely on a declarant's oral hearsay statement unless it would be admissible under the rules of evidence." But she fails to develop any argument as to how this language provides a basis for setting aside the circuit court's decision, and thus we will not consider it. *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not address undeveloped arguments).

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.